David MELLO and Phyllis Mello, Plaintiffs,

v.

K–MART CORPORATION, Shinn Fu of America, Inc.: and Shinn Fu Auto Supply Co., Ltd., Defendants.

Civ. A. No. 83–3434–C.

United States District Court, D. Massachusetts.

March 18, 1985.

Roger E. Hughes, Jr., Latti Associates, Boston, Mass., for plaintiffs.

James P. Whitters, III, Esq. Gaston Snow & Ely Bartlett, Boston, Mass., for Shinn Fu of America, Inc., and Shinn Fu Auto Supply Co. & K–Mart.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a diversity action brought pursuant to 28 U.S.C. § 1332 by David and Phyllis Mello, residents of Massachusetts, against K–Mart Corporation ("K–Mart"), Shinn Fu Auto Supply Co., Ltd. ("Shinn Fu Auto"), and Shinn Fu of America, Inc. ("Shinn Fu America"). All three defendant corporations are organized under the laws of states other than Massachusetts and have their principal places of business in cities outside of Massachusetts.

Plaintiff David Mello alleges that he sustained severe injuries as a result of using a six ton hydraulic jack designed, manufactured, and marketed by defendants. Plaintiff's wife, Phyllis Mello, claims that her husband's injuries caused her to suffer loss of consortium. According to the complaint, David Mello was hurt on or about November 7, 1982, while plaintiffs were vacationing in Tennessee. At the time of the accident, Mello was using a hydraulic jack to repair an automobile. He had purchased this jack the previous day at a K–Mart store in Goodlettsville, Tennessee.

The case comes before the Court on three motions filed by the respective defendants. Shinn Fu Auto seeks to have the case against it dismissed for lack of personal jurisdiction, Fed.R.Civ.P. 12(b)(2);[1] Shinn Fu of America moves for summary judgment; and K–Mart requests partial summary judgment.

*Shinn Fu Auto's Motion to Dismiss*

■ In a diversity action, the jurisdiction of this Court over a foreign corporate defendant is determined by the provisions of the Massachusetts long-arm statute, M.G.L. c. 223A, § 3. *E.g., Pulson v. American Rolling Mill Co.,* 170 F.2d 193, 194 (1st Cir.1948); *Marketing & Distribution Resources, Inc. v. Paccar, Inc.,* 460 F.Supp. 990, 991 (D.Mass.1978). Although the Supreme Judicial Court of Massachusetts has construed the state long-arm statute as "an assertion of jurisdiction over the person to the limits allowed by the Constitution of the United States," *"Automatic" Sprinkler Corp. of America v. Seneca Foods Corp.,* 361 Mass. 441, 443, 280 N.E.2d 423 (1972), the court has nevertheless cautioned that "G.L. c. 223A, § 3 asserts jurisdiction over the person to the constitutional limit only when some basis for jurisdiction enumerated in the statute has been established." *Good Hope Industries, Inc. v. Ryder Scott Co.,* 378 Mass. 1, 6, 389 N.E.2d 76 (1979). This Court must therefore engage in a two step analysis: "(1) is the assertion of jurisdiction authorized by statute, and (2) if authorized, is the exercise of jurisdiction under State law consistent with basic due process requirements mandated by the United States Constitution?" *Id.* at 5–6, 389 N.E.2d 76.

■ Plaintiffs bear the burden of proving that this Court's exercise of jurisdiction over Shinn Fu Auto is permissible under both Massachusetts law and the federal Constitution, *Droukas v. Divers Training Academy, Inc.,* 375 Mass. 149, 151, 376 N.E.2d 548 (1978); *Walsh v. National Seating Co.,* 411 F.Supp. 564, 568 (D.Mass.

1976). Accordingly, plaintiffs argue that § 3(d) of the long-arm statute provides the requisite state authorization. § 3(d) declares:

> A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's . . .
>
> (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth; . . .

M.G.L. c. 223A, § 3(d).

Plaintiffs maintain that they have suffered tortious injury in Massachusetts because David Mello has incurred medical expenses and endured pain and suffering in the state, and Phyllis Mello has experienced loss of consortium in the Commonwealth.

These contentions are meritless on the jurisdictional problem. David Mello purchased the hydraulic jack in Tennessee, and he was injured in Tennessee. The fact that he returned to Massachusetts for treatment and recovery cannot alter where the injury occurred. Judge Tauro's insightful analysis in *Walsh v. National Seating Co., Inc.,* 411 F.Supp. 564 (D.Mass.1976) addresses this very issue. Walsh, a resident of Massachusetts, was injured by a defective bus seat while he was operating a motor coach in Maine. He and his wife brought suit in Massachusetts against the seat's manufacturer, an out-of-state corporation. Explaining why § 3(d) of the long-arm statute did not authorize the court to exercise jurisdiction over the corporate defendant, Judge Tauro stated:

> Plaintiff asks too much from the phrase "tortious injury." While it is undoubtedly true that plaintiff and his wife suffered in Massachusetts this does not mean they were injured here. They suf-

---

**1.** Although Shinn Fu Auto's motion is denominated a motion for summary judgment, it raises no issue other than that of personal jurisdiction.

The Court has therefore treated it as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(2).

fered here as a result of an injury that occurred in Maine. To accept plaintiff's theory would mean that parties could choose their court by choosing their hospital or place of recuperation.

*Id.* at 571.

Because the Mellos, like the Walshes, have experienced no tortious injury in Massachusetts, I rule that § 3(d) of the state long-arm statute provides no basis for this Court's exercise of jurisdiction over Shinn Fu Auto.

Apparently anticipating the Court's ruling with respect to the applicability of § 3(d), plaintiffs proffer an alternative jurisdictional theory. They assert that "[w]hen the non-resident defendant has numerous contacts with the forum such that the demands of due process are satisfied, it is not necessary that the cause of action arise from or be connected with the defendants' contacts with the forum." Plaintiffs' assertion is directly contradicted by the wording of the Massachusetts long-arm statute. The statute specifies that a court may exercise jurisdiction over a foreign corporation only if the cause of action *arises from* some action or event which took place within the state. As noted above, no aspect of the incident on which plaintiffs base their claims transpired in Massachusetts.

Because there is no provision of the long-arm statute on which to predicate jurisdiction, the Court need not reach the question of whether plaintiffs' assertion is constitutionally sound. *Singer v. Piaggio & C.,* 420 F.2d 679, 681 (1st Cir.1969).[2] I therefore rule that Shinn Fu Auto's motion to dismiss should be granted.

*Shinn Fu America's Motion for Summary Judgment*

Shinn Fu America bases its motion for summary judgment on an affidavit by Peter Chi, Secretary of the Board of Shinn Fu America. Mr. Chi declares that "prior to

November 7, 1982, Shinn Fu of America, Inc. made no sales of any products, including hydraulic jacks, to K-Mart." This affidavit, the corporation asserts, proves that Shinn Fu America had no connection to the jack in question, and that the company is therefore entitled to judgment as a matter of law.

To rebut Mr. Chi's statements, plaintiffs produce a copy of a letter printed on Shinn Fu America letterhead. The letter, dated November 8, 1982, summarizes the results of a business meeting apparently attended by personnel of both Shinn Fu America and K-Mart. It states in pertinent part:

1. A lawsuit against K-Mart and Shinn Fu re-failure of a hydraulic jack in 1976 has been settled and an amount of USD9,345.00 was paid by K-Mart. After being aware of the matter, Shinn Fu agreed to reimburse ... K-Mart....

2. Two pending cases regarding a death on October 4, 1978 and a neck & head injury on May 25, 1980 were made aware to [sic] Michael Hung and his staff in the meeting.

3. Shinn Fu ... advised its insurance agent Continental Insurance Company in the U.S.A. Shinn Fu requested the two pending cases be immediately referred to Continental Insurance Company to take over.

4. A proper channel to handle legal issue in the future has been agreed by K-Mart and Shinn Fu that any legal claim against Shinn Fu's products arises [sic], K-Mart will notify Continental Insurance Company of the case and also send a copy to Shinn Fu for reference. If any technical help be needed [sic] in defending the case, Shinn Fu will be pleased to provide the assistance.

It was a constructive meeting in regard to the above matters and again, thank you very much for your favorable patronage; we, Shinn Fu, will continue to

---

**2.** It may be noted, however, that the only case which plaintiffs cite as authority for their jurisdictional proposition, *Hall v. Helicopteros Nacionales de Colombia, S.A.,* 638 S.W.2d 870 (Tex. 1982), was reversed by the United States Supreme Court more than a month before plaintiffs' filed their brief opposing Shinn Fu Auto's motion to dismiss. *Helicopteros Nacionales de Colombia, S.A. v. Hall,* —— U.S. ——, 104 S.Ct. 1868, 80 L.Ed.2d 404 (1984).

fulfill our promises to stand firmly behind our products.

Plaintiffs contend that this letter raises factual questions regarding the extent of Shinn Fu America's involvement in the production and marketing of hydraulic jacks supplied to K-Mart by Shinn Fu Auto.

■ Summary judgment may be granted only if the moving party has proved that the case presents "no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). In determining whether the moving party has sustained its burden of proof, a court must view all evidentiary materials pertaining to the motion in the light most favorable to the opposing party. *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970); 6 J. Moore, *Moore's Federal Practice*, ¶ 56.23, at 1390 (2d ed. 1980). In this instance, I find that there exists a factual issue concerning the nature of the relationship between Shinn Fu America and Shinn Fu Auto, and that plaintiffs have posed a legitimate question as to whether Shinn Fu America could be held liable under one or more of the theories set forth in the complaint. I therefore rule that Shinn Fu America's motion for summary judgment should be denied.

### K-Mart's Motion for Partial Summary Judgment

K-Mart asks this Court to grant it partial summary judgment with respect to that portion of the complaint which alleges that the corporation negligently designed, manufactured, and packaged the hydraulic jack which is the subject of this suit. In support of its motion, K-Mart submits the affidavit of Robert J. Bleakly, a Senior Buyer for the company, who is responsible for approving all of K-Mart's overseas purchases. Mr. Bleakly states that the jack in question was purchased from Shinn Fu Auto fully manufactured, assembled, and packaged. The affiant further asserts that the jack was designed neither by K-Mart nor specifically for K-Mart by Shinn Fu Auto. K-Mart contends that Mr. Bleakly's declarations entitle it to summary judgment on the issue of negligence with re-

spect to the design, manufacture, and packaging of the hydraulic jack.

Plaintiffs, for their part, argue that K-Mart should be held liable to the same extent as the manufacturer of the jack, because K-Mart represented itself to be the product's manufacturer. In support of this contention, plaintiffs proffer photos showing the name "K-Mart" printed in bold letters on both the jack and the container in which it was packaged. On the container appear the words: "Manufactured in Taiwan Republic of China for K Mart Corporation."

■ Ordinarily, a retailer cannot be held liable in negligence for latent defects in a manufactured product. *E.g. Kasey v. Suburban Gas Heat of Kennewick, Inc.*, 60 Wash.2d 468, 374 P.2d 549, 551 (1962). A different rule, however, applies to products which appear to have been manufactured either by the retailer or particularly for the retailer by another manufacturer. "One who puts out as his own product a chattel manufactured by another is subject to the same liability as though he were its manufacturer." Restatement (Second) of Torts § 400 (1965). *See also Moody v. Sears, Roebuck & Co.*, 324 F.Supp. 844 (S.D.Ga.1971) and cases cited therein. The crucial factor determining a retailer's amenability to suit on a theory of negligence is whether the labeling on a particular product is likely to cause a consumer to rely on the retailer's reputation as an assurance of the product's quality. Restatement (Second) of Torts § 400 (1965) comment d. Comment d explains:

> The mere fact that the goods are marked with such additional words as "made for" the seller, or describe him as a distributor, particularly in the absence of a clear and distinctive designation of the real manufacturer or packer, is not sufficient to make inapplicable the rule stated in this Section. The casual reader of a label is likely to rely upon the featured name, tradename, or trademark, and overlook the qualification of the description of source.

■ Applying these principles to the case before the Court, there clearly exists a question of fact as to whether the words appearing on the jack and its container would convey to a consumer the impression that the device was manufactured either by K-Mart or especially for K-Mart by another company. Because plaintiffs' ability to bring a claim against K-Mart for negligence in designing, manufacturing, and packaging the jack depends on the resolution of this factual issue, I rule that K-Mart's motion for partial summary judgment should be denied.

Order accordingly.