SPECK et al., Appellants,

v.

**MUTUAL SERVICE LIFE INSURANCE COMPANY, Appellee.**

[Cite as *Speck v. Mutual Serv. Life Ins. Co.* (1990), 65 Ohio App.3d 812.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 57700.

Decided Jan. 2, 1990.

*Joseph M. Perecio,* for appellants Earl M. Speck et al.

*Rhoa, Follen & Rawlin Co., L.P.A., Albert J. Rhoa* and *James H. Craw-ford,* for appellee.

*Per Curiam.*

We overrule the plaintiffs' single assignment of error, which challenges the trial court's dismissal, for want of personal jurisdiction, of their claim against the defendant insurance company for accidental death insurance proceeds.

The plaintiffs, father and mother of the decedent daughter, filed their action against the insurer on February 18, 1988, seeking payment of $15,000 as the named beneficiaries under the accidental death provision of their daughter's life insurance policy. In their complaint, the plaintiffs further alleged that the insurer (1) negligently failed to investigate the circumstances of their daughter's death in order to establish whether her death was "accidental" under the terms of the policy, and (2) refused in bad faith to pay under the terms of the policy.

The insurer in defense answered that the decedent did not die an "accidental death" as defined by the policy. The insurer further moved for dismissal claiming that the trial court lacked personal jurisdiction over the insurer. See Civ.R. 12(B)(2). In determining this motion, the trial court considered the pleadings, affidavits filed by both parties in support and in opposition to the motion, and the insurer's answers to the plaintiffs' interrogatories.

These materials establish that the plaintiffs are Ohio residents. The insurer has its principal place of business in Minnesota. The insurer is not a resident corporation in Ohio and has no offices in Ohio. However, the insurer is licensed to do business in and maintains a statutory agent in this state, Ohio. The insurer claimed in its response to the plaintiffs' interrogatories that it does not engage in substantial business in Ohio, stating that only fifty of its eighty-eight thousand insureds reside in Ohio.

The insurer issued the policy, which covered the decedent as a group life insurance policy, to the decedent's employer through an intermediate company. The intermediate company is also located in Minnesota and the parties executed the policy in Minnesota. The decedent's employer is located in Colorado and the decedent lived in Colorado at the time of her death.

The decedent's death occurred in Colorado. All witnesses to the death, including the examining physicians and coroner, live in Colorado.

I

██ Civ.R. 4.3(A) states the terms upon which service to out-of-state parties is permitted and is substantially equivalent to Ohio's long-arm statute, R.C. 2307.382. *Reliance Elec. Co. v. Kock's Crane & Marine Co.* (June 27, 1985), Cuyahoga App. No. 48721, unreported, 1985 WL 6892; Staff Note, Civ.R. 4.3. However, Civ.R. 4.3(A) supersedes Ohio's long-arm statute. *Giachetti v.*

*Holmes* (1984), 14 Ohio App.3d 306, 308, 14 OBR 371, 373, 471 N.E.2d 165, 167, fn. 1; cf. Staff Note, Civ.R. 4.3; see, also, Section 5, Article IV, Ohio Constitution.

A plaintiff has the burden of establishing that the trial court has personal jurisdiction over a defendant once the defendant timely challenges the court's jurisdiction. *Giachetti v. Holmes, supra,* at 307, 14 OBR at 372, 471 N.E.2d at 167. Where the trial court determines jurisdiction without an evidentiary hearing, the trial court must (1) view the allegations in the pleadings and the documentary evidence in the light most favorable to the nonmoving party, and (2) resolve all reasonable competing inferences in favor of the nonmoving party. *Id.* In such cases, the plaintiff need make only a prima facie showing of personal jurisdiction in order to defeat a motion to dismiss. *Id.*

The plaintiffs argue that they have established long-arm jurisdiction under Civ.R. 4.3(A)(2), (3), and (4). They further claim that having a license to do business in Ohio is, *per se,* sufficient evidence upon which to establish personal jurisdiction over out-of-state corporations. Cf. *Price v. Wheeling Dollar Sav. & Trust Co.* (1983), 9 Ohio App.3d 315, 319, 9 OBR 581, 586, 460 N.E.2d 264, 269.

We agree with the trial court that the plaintiffs failed to establish a prima facie showing of personal jurisdiction in this case. Civ.R. 4.3(A) provides in relevant part:

"When Service Permitted. Service of process may be made outside of this state, as provided herein, in any action in this state, upon a person who at the time of service of process is a nonresident of this state or is a resident of this state who is absent from this state. The term 'person' includes an individual, his executor, administrator, or other personal representative, or a corporation, partnership, association, or any other legal or commercial entity, who, acting directly or by an agent, has caused an event to occur out of which the claim which is the subject of the complaint arose, from the person's:

"* * *

"(2) Contracting to supply services or goods in this state;

"(3) Causing tortious injury by an act or omission in this state including but not limited to actions arising out of the ownership, operation or use of a motor vehicle or aircraft in this state;

"(4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct or derives substantial revenue from goods used or consumed or services rendered in this state[.]"

■ The plaintiffs first argue that under Civ.R. 4.3(A)(2) the defendant has in effect contracted to provide services in this state since the insurance policy fails to limit the residency of named beneficiaries. However, we conclude that jurisdiction under Civ.R. 4.3(A)(2) cannot be established merely because a foreign contract between foreign parties creates remote third-party beneficiary rights in Ohio residents. To establish personal jurisdiction on this tenuous basis would offend due process requirements of fairness and reasonableness. See, generally, *International Shoe Co. v. Washington* (1945), 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95, 101; cf. *United States Fire Ins. Co. v. Butler–Sparks Mach. Co.* (Sept. 20, 1984), Cuyahoga App. No. 47832, unreported (sale of single piece of equipment to Ohio buyer does not constitute "contracting to supply services or goods in this state").

■ We further conclude that the plaintiff cannot establish personal jurisdiction pursuant to Civ.R. 4.3(A)(3). There is no evidence in the record from which we can reasonably infer that an act or omission in this state by the insurer caused injury to the plaintiffs. Nor can the plaintiffs establish jurisdiction pursuant to Civ.R. 4.3(A)(4). The insurer's answers to the plaintiffs' interrogatories establish that the defendant does not regularly conduct business in this state and does not derive substantial revenues from this state.

■ The plaintiffs finally argue that the mere fact that the insurer is licensed to do business in Ohio establishes that the insurer has the necessary minimum contacts with Ohio. They rely on the Twelfth District Court of Appeals' decision in *Price v. Wheeling Dollar Sav. & Trust Co.* (1983), 9 Ohio App.3d 315, 9 OBR 581, 460 N.E.2d 264. In that case, the court stated that "having a license to do business in Ohio is, *per se,* sufficient evidence upon which to conclude that [a defendant has] the necessary minimum contacts with Ohio." *Id.* at 319, 9 OBR at 586, 460 N.E.2d at 268; see, also, *Gallimore v. Arcadia Nat. Life Ins. Co.* (May 12, 1986), Miami App. No. 85CA25, unreported, 1986 WL 5795.

We cannot agree with this conclusion. Civ.R. 4.3(A) sets forth the conditions upon which personal jurisdiction may be established. A clear reading of the rule requires the conclusion that mere licensing does not constitute a minimum contact which would permit a trial court to exercise personal jurisdiction. Further, Civ.R. 4.3(A) requires that the conduct from which a minimum contact is alleged to exist must have "caused an event to occur out of which the claim which is the subject of the complaint arose." In this case, it is evident that the insurer's being licensed in Ohio has no relation to the events giving rise to the plaintiffs' claim. Accordingly, this fact cannot serve to establish personal jurisdiction.

■ Further, a trial court may weigh other factors in order to determine whether it may exercise jurisdiction over a nonresident defendant. *Kleinfeld v. Link* (1983), 9 Ohio App.3d 29, 30–31, 9 OBR 30, 32, 457 N.E.2d 1187, 1190. These factors include (1) whether the defendant could reasonably foresee that he would be subject to litigation in this state, and (2) the convenience of litigating the claim in this state. *Id.* Both of these factors weigh against the exercise of personal jurisdiction by Ohio courts in this case.

In this case, the insurer could not reasonably presume that it would be subjected to litigation in Ohio merely by virtue of the fact that an insured named Ohio residents as policy beneficiaries. Further, it is clear from the record that all of the critical witnesses required for the determination of the merits of the plaintiffs' claim reside in Colorado. Accordingly, the litigation of this action in Ohio would involve needless expense to both parties.

We overrule the plaintiffs' assignment of error and affirm the trial court's order of dismissal.

*Judgment affirmed.*

ANN McMANAMON, C.J., KRUPANSKY and JOHN F. CORRIGAN, JJ., concur.