Plaintiff-appellant, Harold E. Sterne, Administrator of the Estate of George L. Sterne, appeals a judgment of the Clermont County Court of Common Pleas dismissing his complaint against defendants-appellees, Menac Associates, Ltd., F. Spence Eeg, and Richard C. Thayer, for lack of personal jurisdiction.
Appellant's decedent ("Sterne"), an Ohio resident, entered into a written joint venture agreement and invested $200,000 with Peter C. Pompili ("Pompili") and his company, Worldwide Commercial Financial Trust ("WCFT") on June 21, 1995. The stated purpose of the agreement was for Sterne to provide WCFT with funds to be invested in a "prime bank instrument trading program (roll program)." Pompili resides in Phoenix, Arizona.
On June 23, 1995, Pompili entered into a separate agreement with appellee, Menac Associates. This agreement ("the Pompili/Menac agreement") was entered into in Arizona. Menac's president, Eeg, and Vice-President, Thayer, were residents of Vermont. Menac is a Bahamian corporation. The purpose of the Pompili/Menac agreement was the investment of funds in presold bank debenture instruments. Pompili lent $200,000 to Menac.
Eeg did not know that the funds obtained from Pompili had come from Sterne until on or about September 22, 1995. During September and October, Eeg, Sterne, and Pompili exchanged several faxes concerning when payout was anticipated on the Pompili/Menac agreement. Eeg noted that his contractual obligations were owed to Pompili and not Sterne. Sterne also acknowledged that the agreements were separate transactions, albeit with "mutual purposes." Sterne requested that Eeg provide him with a safekeeping receipt. Eeg declined, stating in a fax to Pompili that Menac had "no direct involvement with Mr. Sterne."
During approximately the same time period Menac placed $500,000 in an escrow account for reinvestment in bank debenture instruments. Although the Sterne funds were never traced to this venture, correspondence among Eeg, Sterne, and Pompili concerning that investment indicated that litigation was planned against the escrow agents, because they had not obtained adequate collateral before releasing the funds. Eeg and Sterne corresponded concerning a possible settlement of Sterne's claims, however these negotiations were never finalized. Sterne, Pompili, and Eeg also corresponded on a separate matter whereby Sterne and Pompili provided Eeg with the name of a prospective investor. No investments resulted from this contact.
Sterne did not receive any return on his investment with Pompili, and appellant filed suit against Pompili, WCFT, appellees, and parties to the escrow agreement, on September 26, 1996.[1] Appellees moved for dismissal based on lack of personal jurisdiction. Appellant took Eeg's deposition and a hearing was held on appellee's motion.
In a detailed opinion, the trial court found that appellees did not transact business in Ohio, did not contract with anyone in Ohio, and did not cause a tortious injury within this state with a specific intent to injure. Therefore the court found that appellant had not shown any basis for invoking personal jurisdiction over appellees under Ohio's long-arm statute. The trial court further found that appellees did not have the requisite "minimum contacts" with Ohio to support jurisdiction under constitutional due process analysis. Therefore, the trial court dismissed the complaint as to appellees, noting that such a dismissal operates as a failure otherwise than on the merits.
In his sole assignment of error, appellant claims that the trial court erred in granting the motion to dismiss. Having reviewed the entire record, we find no error in the trial court's judgment and affirm.
Where a party moves for dismissal based upon lack of personal jurisdiction, the nonmoving party bears the burden of establishing the court's jurisdiction. Jurko v. Jobs EuropeAgency (1975), 43 Ohio App.2d 79. When the trial court holds an evidentiary hearing the nonmoving party must prove the court's jurisdiction by a preponderance of the evidence. Jentzen v.Lomma Enterprises Inc. (June 8, 1994), Hamilton App. No. C-930346, unreported.
An Ohio court may exercise personal jurisdiction over a nonresident defendant where (1) Ohio's long-arm statute, R.C.2307.382 and Civ.R. 4.3(A) confer jurisdiction, and (2) the exercise of jurisdiction comports with the Due Process Clause of the Fourteenth Amendment to the United States Constitution.U.S. Sprint Communications v. Mr. K's Foods, Inc. (1994),68 Ohio St.3d 181, 183-84.
Appellee's conduct did not fall within the boundaries of any of the subsections of R.C. 2307.382. We note that appellant claims that appellees' activities constituted the transaction of business within this state. However, appellant has not provided factual support for that assertion. Appellees did not negotiate with Sterne before he invested with Pompili. Appellees did not contract with Sterne; they contracted with Pompili. Although Pompili had a client or clients with whom he had negotiated and appellees could presumably infer that Pompili had such a client, this does not support a finding that appellees themselves transacted business with Sterne. Although Eeg later corresponded with Sterne, those correspondences were clearly subsequent to the events giving rise to his cause of action, i.e. Sterne's investment with Pompili.
We find that the cases cited by appellant are distinguishable. In Kentucky Oaks Mall Co. v. Mitchell's FormalWear, Inc. (1990), 53 Ohio St.3d 73, the Ohio Supreme Court held that when an out of state company entered into a long term lease with an Ohio company, the fact that the out of state company maintained no physical presence in Ohio did not preclude a finding that it transacted business here. This reasoning could support Ohio's exercise of jurisdiction over Pompili, who clearly contracted with Sterne. However, it is inapplicable to support jurisdiction over appellees as they did not enter into any contract with an Ohio resident.
Similarly, in Columbus Show Case Co. v. CEE Contracting, Inc.
(1992), 75 Ohio App.3d 559, the out of state corporation had solicited the Ohio corporation's business, had negotiated with the Ohio corporation, and had entered into a contract with the Ohio corporation. None of these factors are present here. See, also, Speck v. Mutual Serv. Life Ins. Co. (1990), 65 Ohio App.3d 812
(jurisdiction based on contracting cannot be established merely because a foreign contract between foreign parties creates remote third-party beneficiary rights in Ohio residents).
In addition to failing to establish a basis for personal jurisdiction pursuant to R.C. 2307.382, we also find that appellant did not establish that the exercise of jurisdiction over appellees would comport with due process. In order for a state court to subject a foreign corporation to a judgment in personam, the corporation must "have certain minimum contacts with [the state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.' " Internat'l. Shoe Co v. Washington (1945),326 U.S. 310, 316 (citations omitted). This generally requires that the defendant purposely avail itself of the privilege of conducting activities in the forum state. Henson v. Denckla (1958),357 U.S. 235. A nonresident's actions must "create a substantial connection with the forum state." Burger King Corp. v.Ruczewicz (1985), 471 U.S. 462, 475, 105 S.Ct. 2174, 2184. This record is conspicuously devoid of examples of actions by appellees which can be construed as creating a substantial connection with Ohio. Appellees' responses to Sterne's inquiries concerning his investment were not to purposely avail themselves of the privileges of doing business in Ohio, but simply an attempt to provide requested information. Appellant also argues that his provision to appellees of the name of another prospective investor could support jurisdiction. However, no investment occurred as a result of this contact, and Sterne's correspondence with appellees concerning that investor was unrelated to appellant's cause of action.
Civ.R. 4.3(A) requires that the conduct from which a minimum contact is alleged to exist must have "caused an event to occur out of which the claim which is the subject of the complaint arose." Speck v. Mutual Serv. Life Ins. Co. (1990), 65 Ohio App.3d 806,808. Sterne's complaint alleged that Pompili and appellees violated securities marketing rules and committed fraud and negligent misrepresentation.[2] Correspondence concerning a proposed unrelated investment and litigation on the totally separate escrow claim, as well as discussion of proposed resolutions of Sterne's claim, occurred after any such alleged violations and thus could not constitute a minimum contact which caused an event to occur giving rise to the claim.
Appellant failed to establish jurisdiction under the long-arm statute and further failed to establish that the exercise of jurisdiction would comport with due process. Accordingly, appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] Sterne died on December 13, 1995.
[2] Appellant also pleaded a conversion cause of action, however on appeal jurisdiction is only premised on the transaction of business theory. Furthermore, there could be no intent to convert as appellees did not know that Sterne was the source of the funds and did not assume any contractual obligations to him.