Appellants, Kenneth and Connie Robinson, appeal from a decision of the Franklin County Court of Common Pleas granting appellees', Koch Refining Company's ("Koch") and Fisher Service Company's ("Fisher"), motions to dismiss appellants' complaint for lack of personal jurisdiction over appellees.
Appellants filed a complaint against Koch and Fisher and against Go Express, Inc. ("Go Express"), a defendant below that is not a party to this appeal, alleging tort claims based on Kenneth Robinson's exposure to gas oil and the resulting loss of consortium to Connie Robinson. Both Koch and Fisher filed motions to dismiss asserting a lack of personal jurisdiction. Appellants filed a memorandum contra and appellees filed reply memoranda. The trial court did not conduct an evidentiary hearing on the motion to dismiss. The trial court issued a decision granting appellees' motions to dismiss. Appellants filed a timely appeal.
On appeal, appellants assert one assignment of error:
 THE TRIAL COURT ERRED IN GRANTING THE DEFENDANTS' MOTIONS TO DISMISS FOR LACK OF PERSONAL JURISDICTION.
In October 1996, Go Express contacted Armor Transportation, Inc. ("Armor"), a non-party to this action, regarding the opportunity for Go Express to act as a carrier. Subsequently, Armor was contacted by Koch to arrange the transportation of tubing, known as float columns, from Koch's place of business in Minnesota to Fisher's place of business in Illinois. Armor then contacted Go Express by telephone and facsimile at Go Express' place of business in Ohio to arrange for Go Express to serve as the contract carrier for the transportation of the tubing from Minnesota to Illinois. Koch paid Armor for arranging the transportation with Go Express.
Go Express dispatched Kenneth Robinson to pick up the tubing at Koch's place of business in Minnesota and to deliver the tubing to Fisher in Illinois. Kenneth Robinson was required to assist with the unloading of the tubing at Fisher's place of business. While unloading the tubing, Kenneth Robinson came into contact with gas oil when it leaked from the tubing onto his hands. Almost immediately upon contact with the gas oil, Kenneth Robinson began experiencing dizziness, a tingling sensation in his hands, and nausea. Upon returning to Ohio, Kenneth Robinson experienced additional symptoms and a worsening of his condition. Although Kenneth Robinson sought medical attention, the medical personnel were unable to remedy his condition. Additionally, they informed him that there was no known antidote to the effects of the gas oil.
In appellants' single assignment of error, they argue that the trial court erred by granting appellees' motions to dismiss for a lack of personal jurisdiction. They assert that, because they made a prima facie showing of personal jurisdiction over appellees, the trial court could not dismiss their complaint. We disagree.
A trial court's determination of whether personal jurisdiction over a party exists is a question of law. Appellate courts review questions of law under a de novo
standard of review. Wiltberger v. Davis (1996), 110 Ohio App.3d 46,51-52.
The Supreme Court of Ohio has delineated the test for asserting personal jurisdiction over a non-resident defendant:
 * * * [T]he [trial] court is obligated to (1) determine whether the state's "long-arm" statute and the applicable Civil Rule confer personal jurisdiction, and if so, (2) whether granting jurisdiction under the statute and rule would deprive the defendant of the right to due process of law pursuant to the Fourteenth Amendment to the United States Constitution. * * *
Goldstein v. Christiansen (1994), 70 Ohio St.3d 232, 235; U.S.Sprint Communications Co., Ltd. Partnership v. Mr. K's Foods,Inc. (1994), 68 Ohio St.3d 181, 183-184.
Once appellees challenged the trial court's jurisdiction with a motion to dismiss, appellants bore the burden of establishing that the trial court had personal jurisdiction over appellees.Speck v. Mutual Serv. Life Ins. Co. (1990), 65 Ohio App.3d 812,815; Giachetti v. Holmes (1984), 14 Ohio App.3d 306, 307. If the trial court determines the jurisdiction issue without holding an evidentiary hearing, then the court must "(1) view the allegations in the pleadings and the documentary evidence in the light most favorable to the nonmoving party, and (2) resolve all reasonable competing inferences in favor of the nonmoving party." Goldstein, at 236; Speck, at 815;Giachetti, at 307. Without an evidentiary hearing, appellants were required only to make a prima facie showing of personal jurisdiction to overcome the motion to dismiss. Speck, at 815;Giachetti, at 307. Thus, if appellants produced sufficient evidence to allow reasonable minds to conclude that the trial court had personal jurisdiction, then the trial court could not dismiss the complaint without holding an evidentiary hearing.Giachetti, at 307.
The terms of the Ohio long-arm statute and civil rule conferring personal jurisdiction over non-resident parties are complimentary and substantially equivalent. Goldstein, at 235;Speck, at 814. R.C. 2307.382(A) provides, in relevant part, that:
 (A) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a cause of action arising from the person's:
(1) Transacting any business in this state;
* * *
 (3) Causing tortious injury by an act or omission in this state;
 (4) Causing tortious injury in this state by an act or omission outside this state if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state[.]
Here, appellants argue that the trial court had personal jurisdiction over Koch under R.C. 2307.382(A)(1) and (3), and Civ.R. 4.3(A)(1) and (3), because Koch acted through its alleged agent, Armor, to contract for the shipping in Ohio and because Armor failed to inform Kenneth Robinson of the hazardous nature of the material to be shipped. Appellants argue that the trial court had personal jurisdiction over both Koch and Fisher under R.C. 2307.382(A)(4) and Civ.R 4.3(A)(4), because Kenneth Robinson's injuries worsened in Ohio, because he suffered additional injuries in Ohio, and because Connie Robinson suffered her loss of consortium in Ohio. Thus, appellants contend that they established a prima facie showing of personal jurisdiction.
The trial court rejected appellants' argument that Armor was Koch's agent because it found that appellants had failed to present any relevant evidence supporting the allegation of agency. The Supreme Court of Ohio delineated the test for agency in Hanson v. Kynast (1986), 24 Ohio St.3d 171, paragraph one of the syllabus:
 The relationship of principal and agent or master and servant exists only when one party exercises the right of control over the actions of another, and those actions are directed toward the attainment of an objective which the former seeks. * * *
While the trial court must view all evidence most favorably to the non-moving parties and resolve all competing inferences in their favor, appellants were required to present some evidence supporting their claim of agency. However, the affidavits of Wendy Reynolds and Robert Donley, on which appellants rely, do not support a finding of agency. There is no evidence of Koch having "the right of control" over Armor. Instead, the affidavits show at best that Koch contracted with Armor to secure transportation for the float columns. While an independent contractor can be an agent given a fiduciary relationship between the independent contractor and the purported principal, see, e.g., Restatement of the Law 2d, Agency (1958) 80-81, Section 14 N, comment a, appellants have not demonstrated a fiduciary relationship between Koch and Armor. Additionally, no other evidence in the record supports a finding of agency. Thus, appellants failed to meet their burden of establishing that Armor was Koch's agent. As a result, the trial court lacked personal jurisdiction over Koch under R.C.2307.382(A)(1) and (3), and Civ.R. 4.3(A)(1) and (3).
The trial court also rejected appellants' argument that personal jurisdiction exists under R.C. 2307.382(A)(4) and Civ.R. 4.3(A)(4) for both Koch and Fisher because Kenneth Robinson's injury did not occur in Ohio. The injury, which is the basis of the complaint, must have occurred in Ohio to confer personal jurisdiction over an out-of-state party under R.C. 2307.382(A)(4). Grossi v. Presbyterian Univ. Hosp. (1980),4 Ohio App.3d 51, 54. It is undisputed that Kenneth Robinson was exposed to gas oil in the state of Illinois. Appellants argue that his condition declined in Ohio, that he suffered from apprehension of impending death in Ohio, and that Connie Robinson's claim of loss of consortium occurred in Ohio.
However, as the trial court noted, a tortious injury is not considered to have occurred in Ohio simply because a party continues to suffer from the effects of the injury after returning to Ohio. Bell v. Franchise World Headquarters (Nov. 30, 1995), Cuyahoga App. No. 68444, unreported. The trial court and appellees also cited numerous cases from other jurisdictions rejecting the extension of personal jurisdiction over an out-of-state defendant, where the injury did not occur in the state where the case was filed, even though the plaintiff continued to feel the effects of the injury or experienced residual effects after returning to the home state.See, e.g., Mello v. K-Mart Corp. (D.Mass. 1985),604 F. Supp. 769, 771 (denying personal jurisdiction over an out-of-state defendant under a virtually identical provision of Massachusetts' long-arm statute where the husband's personal injury claim and the wife's loss of consortium claim were based on the husband's injury, which occurred in another state), affirmed (C.A.1, 1986), 792 F.2d 1228 (plaintiffs did not appeal the trial court's dismissal of one defendant for lack of personal jurisdiction). We find the reasoning of these cases persuasive and agree with the trial court that appellants' injuries did not occur in Ohio. Thus, the trial court lacked personal jurisdiction over Koch and Fisher under R.C.2307.382(A)(4) and Civ.R. 4.3(A)(4).
Because we agree with the trial court that appellants failed to make a prima facie case of personal jurisdiction under the long-arm statute or civil rule, we need not address the due process prong of the personal jurisdiction test fromGoldstein. Therefore, the trial court did not err by granting appellees' motions to dismiss. Appellants' single assignment of error is without merit.
Accordingly, appellants' first assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
PETREE and BRYANT, JJ., concur.