OPINION
{¶ 1} Appellant, Douglas M. Buchheit, appeals the September 26, 2001 judgment entry of the Lake County Court of Common Pleas, Juvenile Division, granting the motion to dismiss of appellee, Deborah Watson.
 {¶ 2} On July 6, 2001, appellant filed a motion to set a visitation schedule with his minor child, Robert, who was born on February 16, 2001. On that same date, appellant filed a motion for an ex parte restraining order to restrain appellee from removing the minor child from the jurisdiction of the Lake County Court of Common Pleas, Juvenile Division. Personal service was attempted but not made, and the summons was returned for failure of service after a neighbor advised the deputy that appellee had moved. Thereafter, on July 23, 2001, appellant filed a motion for custody. Service via certified mail of the foregoing pleadings was attempted at appellee's Florida address, but the service was returned unclaimed. Appellee was then personally served at the Florida address on July 31, 2001. Subsequently, on August 16, 2001, appellee's attorney filed a "Notice of Pending Action," notifying the Ohio court of a matter pending in the Circuit Court for Pinellas County, Florida. Appellee had filed a complaint with the Florida Court to determine paternity, custody, visitation and child support.[1]
 {¶ 3} On August 24, 2001, the trial court ruled that appellant's ex parte motion for a restraining order was moot as it requested a restraining order preventing appellee from moving to Florida, which she had already done. The court then set a hearing on the remaining issues of custody and visitation. On August 30, 2001, appellee filed a motion to dismiss the matter. She asserted that the Lake County Court of Common Pleas, Juvenile Division, lacked jurisdiction. In that motion, appellee indicated that she and appellant were never married and that there were no orders to establish paternity, custody, or child support until appellant filed the action on July 6, 2001. Appellee further stated that on July 6, 2001, she relocated to St. Petersburg, Florida with her two sons.[2] In addition, she mentioned that she purchased a home, was employed, enrolled her older son in school, and had family ties connecting her children to St. Petersburg, Florida. Appellant filed a brief in opposition to the motion to dismiss on September 24, 2001. In a judgment entry dated September 26, 2001, the trial court granted appellee's motion to dismiss. It is from that entry appellant timely filed the instant appeal and now advances a single assignment of error:
 {¶ 4} "The trial court erred to the prejudice of [appellant] when it failed to hear testimony on [his] motions and his brief in opposition to appellee's motion to dismiss."
 {¶ 5} In his sole assignment of error, appellant argues that the trial court erred in making a determination as to whether a particular court has jurisdiction or venue on a matter without hearing or accepting stipulations from the parties.
 {¶ 6} Preliminarily, we note that the juvenile court has discretion under the provisions of the Uniform Child Custody Jurisdiction Act ("UCCJA"), adopted in Ohio as R.C. 3109.21 et seq., to assume jurisdiction in cases involving an interstate change of custody proceeding. In re McClelland (Sept. 29, 1995), 11th Dist. No. 94-L-153, 1995 Ohio App. LEXIS 4366, at 5, citing State ex rel. Aycock v. Mowrey
(1989), 45 Ohio St.3d 347; In re Smith (Dec. 4, 1998), 11th Dist. No. 98-A-0033, 1998 WL 964689, at 2. Thus, a reviewing court cannot reverse a trial court's decision regarding jurisdiction absent an abuse of discretion. Smith, supra. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 7} However, the juvenile court's discretion is guided and limited by the statutory factors contained in R.C. 3109.22 and 3109.25. These two provisions set forth a two-step process that governs a juvenile court's determination as to whether to exercise jurisdiction in a given case. In re Skrha (1994), 98 Ohio App.3d 487, 496.
 {¶ 8} The first prong of the analysis is to decide if Ohio has jurisdiction as provided in R.C. 3109.22(A). Under this statutory provision, a juvenile court in Ohio that has jurisdiction to make a parenting determination shall exercise that jurisdiction only if one of the conditions specified in subsections (1) through (4) of the statute is met. Justis v. Justis (1998), 81 Ohio St.3d 312, 315. Once a court decides that it has jurisdiction pursuant to R.C. 3109.22(A), the second prong of the analysis is to determine whether Ohio should exercise that jurisdiction. The court may decline to exercise jurisdiction pursuant to R.C. 3109.25(A) if it finds that "it is an inconvenient forum to make a parenting determination under the circumstances of the case and that a court of another state is a more appropriate forum."
 {¶ 9} Here, it is difficult to ascertain from the juvenile court's September 26, 2001 judgment entry exactly why it dismissed the case for lack of jurisdiction. The only reason given for the dismissal was the fact that appellee moved to a different state.
 {¶ 10} Nonetheless, it is our view that the trial court acted unreasonably because it failed to consider the statutory provisions of R.C. 3109.22, which govern the initial determination of jurisdiction. Moreover, there was no question that the juvenile court was authorized to exercise jurisdiction over the minor child by virtue of R.C. 3109.22(A)(1) and (2). R.C. 3109.22(A)(1) and (2) provide:
 {¶ 11} "(A) No court of this state that has jurisdiction to make a parenting determination relative to a child shall exercise that jurisdiction unless one of the following applies:
 {¶ 12} "(1) This state is the home state of the child at the time of commencement of the proceeding, or this state had been the child's home state within six months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a parent who claims a right to be the residential parent and legal custodian of a child or by any other person claiming his custody or is absent from this state for other reasons, and a parent or person acting as parent continues to live in this state;
 {¶ 13} "(2) It is in the best interest of the child that a court of this state assumes jurisdiction because the child and his parents, or the child and at least one contestant, have a significant connection with this state, and there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships ***."
 {¶ 14} R.C. 3109.21(E) defines "home state" to mean "the state in which the child, immediately preceding the time involved, lived with [his] parents, a parent *** for at least six consecutive months, and in the case of a child less than months old the state in which the child lived from birth with any of the persons mentioned."
 {¶ 15} In the case sub judice, the minor child was born in Ohio and lived there until July 2001. On August 16, 2001, appellee's attorney filed a notice of pending action and submitted a copy of a pleading filed in the Circuit Court for Pinellas County, Florida. Although the pleading was not time-stamped, we assume that appellee had filed it before the minor child had been in the state of Florida for a period of six months based on the fact that it was attached to her August 16 notice. The minor child had been in Ohio since his birth, and he also has a significant connection to Ohio because his natural father resides in the state. Therefore, based on the evidence before us, Ohio was the home state of the minor child.
 {¶ 16} Furthermore, as to the second step of the analysis, a court with jurisdiction under the UCCJA may decline to exercise jurisdiction if it finds that Ohio is not a convenient forum for making the parenting determination pursuant to R.C. 3109.25(A). In the present case, the juvenile court made no such finding; nor is there any indication that the juvenile court complied with the requirements of R.C. 3109.25(H) when it dismissed the case. R.C. 3109.25(H) states:
 {¶ 17} "Upon dismissal or stay of proceedings under this section, the court shall inform the court found to be the more appropriate forum of this fact, or if the court which would have jurisdiction in the other state is not certainly known, shall transmit the information to the clerk of the court for forwarding to the appropriate court."
 {¶ 18} Therefore, pursuant to R.C. 3109.25(H), a juvenile court is not permitted to leave a case unresolved once it declines to exercise jurisdiction on the grounds of Ohio being an inconvenient forum. However, that is what appears to have occurred here. As a result, we are reluctant to assume that the juvenile court intended to decline jurisdiction on this basis, despite its explanation that appellee lived in another state. Hence, since the juvenile court did not decline jurisdiction pursuant to R.C. 3109.25, it was an abuse of discretion to dismiss the case for lack of jurisdiction when it clearly had such jurisdiction pursuant to R.C. 3109.22(A)(1) and (2).
 {¶ 19} In addition, we note that to rule on a motion to dismiss for lack of personal jurisdiction pursuant to Civ.R. 12(B), the trial court must determine if the complaint alleges any cause of action cognizable in the forum. Avco Financial Services Loan, Inc. v. Hale
(1987), 36 Ohio App.3d 65, paragraph one of the syllabus. A trial court is not confined to the allegations of the complaint in reviewing a motion to dismiss for lack of personal jurisdiction. See Southgate Dev. Corp.v. Columbia Gas Transmission Corp. (1976), 48 Ohio St.2d 211, paragraph one of the syllabus. Our standard of review requires us to address the issue as a question of law, so we must determine de novo whether the trial court has personal jurisdiction over defendant. Plumbers Steamfitters Local Union 83 v. Union Local School Dist. Bd. of Edn. (July 22, 1998), 7th Dist. No. 97-BA-40, 1998 WL 473335, at 1. In response to a motion to dismiss for lack of jurisdiction, the plaintiff has the burden of making a prima facie showing of personal jurisdiction. Speck v. Mut.Serv. Life Ins. Co. (1990), 65 Ohio App.3d 812, 815. If the plaintiff does make a prima facie showing of personal jurisdiction, the trial court must construe the allegations in the pleadings in the plaintiff's favor.Micro Experts, Inc. v. Edison Technologies, Inc. (1997),122 Ohio App.3d 394, 399.
 {¶ 20} In the case at hand, it is our view that appellant made a prima facie showing of jurisdiction sufficient to withstand a motion to dismiss. The trial judge granted the judgment as a matter of law and should have made factual findings. Accordingly, even though we conclude that appellant has presented a prima facie case demonstrating personal jurisdiction over appellee, we express no opinion as to whether appellant will meet his ultimate burden of proving jurisdiction by a preponderance of the evidence on remand.
 {¶ 21} For the foregoing reasons, appellant's sole assignment of error is well-taken. The judgment of the Lake County Court of Common Pleas, Juvenile Division, is reversed, and the case remanded for further proceedings consistent with this opinion.
JUDITH A. CHRISTLEY and DIANE V. GRENDELL, JJ., concur.
[1] The record on appeal is unclear as to when the complaint was filed with the Florida Circuit Court.
[2] The older son was born in 1995 and was the product of a relationship appellee had several years ago.