DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant/Third Party Defendant, Sherri Rose and Rose Associates, (hereinafter "Appellant") appeals the trial court's decision overruling her motion to vacate default judgment and her motion to grant relief from judgment. Further, Appellant claims that the trial court incorrectly awarded Appellee/Third Party Plaintiff, Terry Riggins, (hereinafter Appellee) damages on her default judgment. We affirm in part, reverse in part and remand.
 {¶ 2} On May 30, 2000, Mortgage Lenders Network USA, Inc., filed a complaint for foreclosure. Appellee subsequently filed for bankruptcy, and as a consequence, the case was transferred to the inactive docket. On January 31, 2002, the case was reinstated, and on February 4, 2002, Appellee filed a third party complaint against Appellant. The trial court's docket shows that service was perfected on or about February 27, 2002. On April 24, 2002, Appellee filed a motion for default judgment, arguing that she was entitled to default judgment because Appellant had failed to plead or otherwise respond as required by Civ.R. 55(A).
 {¶ 3} Appellant claims that she did not receive a copy of the complaint until "sometime in March." She did not answer the complaint within the twenty-eight day time period permitted. Even if Appellant received a copy of the complaint on March 31, she should have filed her answer by April 28, 2002, which she did not. Appellant filed a motion for leave to answer on May 8, 2002. The trial court denied Appellant's motion and granted Appellee's motion for default judgment on June 28, 2002.
 {¶ 4} Appellant filed a motion to vacate judgment, along with a Rule 60(B) motion for relief from judgment, on July 12, 2002. On August 20, 2002, the trial court ruled that Appellant's motion for relief from judgment was premature. Almost three years later, Appellant's motion to vacate default judgment was denied and a damages hearing was set. Thereafter, the trial court awarded compensatory damages to Appellee in the amount of $35,000.00 on August 29, 2005. Appellant now appeals, asserting three assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court incorrectly refused to vacate the default judgment against Rose."
 {¶ 5} In her first assignment of error, Appellant argues that the court did not have personal jurisdiction over her because service of process was not properly perfected, and thus, the resulting default judgment was void ab initio. We disagree.
 {¶ 6} A court acquires personal jurisdiction over a party in one of three ways: (1) proper and effective service of process, (2) voluntary appearance by the party, or (3) limited acts by the party or their counsel that involuntarily submit them to the court's jurisdiction. Austin v. Payne (1995),107 Ohio App.3d 818, 821.
 {¶ 7} In the instant case, the trial court acquired personal jurisdiction over Appellant when she made a voluntary appearance in the matter. In Maryhew v. Yova (1984), 11 Ohio St.3d 154,156-7, the Supreme Court of Ohio explained: "In order for a judgment to be rendered against a defendant when he is not served with process, there must be a showing upon the record that the defendant has voluntarily submitted himself to the court's jurisdiction[.]"
 {¶ 8} Notwithstanding Appellant's arguments that the trial court did not obtain personal jurisdiction over her because there was insufficient process, it is clear that Appellant had notice of the proceedings and appeared before the court. Appellant voluntarily submitted to the trial court's jurisdiction, and as a consequence, her argument that the trial court lacked personal jurisdiction is inconsistent. Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court incorrectly failed to grant Rose relief from judgment."
 {¶ 9} In her second assignment of error, Appellant asserts that the trial court erred when it denied her motion for relief from the default judgment pursuant to Civ.R. 60(B). Appellant argues that her failure to reply to the third-party complaint was due to mistake, inadvertence or excusable neglect, that she has a meritorious defense to present, and that she made her motion to vacate within a reasonable time after entry of the original judgment. We disagree.
 {¶ 10} We begin our discussion by noting that a trial court's ruling denying a Civ.R. 60(B) motion will be upheld absent an abuse of discretion. Rose Chevrolet, Inc. v. Adams (1988),36 Ohio St.3d 17, 20. An abuse of discretion is more than merely an error of judgment; instead, it connotes an attitude that is unreasonable, arbitrary, or unconscionable. Berk v. Matthews
(1990), 53 Ohio St.3d 161, 169. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Id.
 {¶ 11} A party may challenge a judgment under Civ.R. 60(B) by showing that (1) the party has a meritorious defense or claim, (2) one of the circumstances rendering relief appropriate under Civ.R. 60(B)(1)-(5) exists, and (3) the motion is made within a reasonable time. GTE Automatic Elec. v. ARC Industries, Inc.
(1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Where a party fails to demonstrate these three elements, the trial court must deny the motion. Adams, 36 Ohio St.3d at 20.
 {¶ 12} Appellant filed her motion to vacate on the basis of Civ.R. 60(B)(1), "mistake, inadvertence, surprise or excusable neglect," which we find she has failed to demonstrate sufficiently to support a motion under Civ.R. 60(B)(1).
 {¶ 13} The concept of excusable neglect is amorphous and generally defined in the negative. Kay v. Marc Glassman, Inc.
(1996), 76 Ohio St.3d 18, 20. We have previously held that the failure to file a responsive motion or paper is not justified as excusable neglect based upon: a mistake in calculation of response date coupled with a death in the attorney's family. (Turowski v. Apple Vacations, Inc., 9th Dist. No. 21074, 2002-Ohio-6988, at ¶ 10); any general mistake where the party and attorney had notice of the legal paper demanding response (LaSalle Natl. Bank v. Mesas, 9th Dist. No. 02CA008028, 2002-Ohio-6117, at ¶ 13); or general, unspecified medical problems (Valore v. Masink (Sept. 16, 1998), 9th Dist. No. 18719, at 5). Only where the failure to respond is coupled with a complete lack of notice of the original motion may excusable neglect lie. In re Estate of Horton (Aug. 2, 2000), 9th Dist. No. 19818, at 8.
 {¶ 14} In her motion for leave to file answer instanter, Appellant acknowledged that "on or about February 26, 2002, a Summons and Complaint were issued to Sherri M. Rose and Rose Appraisals." She did not allege failure of service or incomplete or improper service at that time. She merely stated that she did not answer the complaint because of "other professional obligations and simply oversight[.]" Finding there to be "no justifiable reasons to excuse [Appellant's] failure to file," the trial court denied her motion to file her answer.
 {¶ 15} Appellant thereafter filed a "motion to vacate judgment/rule 60(B) motion for relief from judgment." In that motion, she stated that she "failed to answer timely due to excusable neglect." Appellant admitted that she had received a copy of the complaint sometime in March of 2002. Twenty eight days from "sometime in March" would fall, at the latest, to April. Appellant did not file anything with the court until May 8, 2002; which was well past 28 days from February 26, and also was more than 28 days past any time in March. Thus, any possible delay in the receipt of the complaint does not explain Appellant's delay in filing her reply.
 {¶ 16} In her affidavit attached to her motion for relief from judgment, Appellant claims that at the time she received the third party complaint, she "was having serious health problems and under medical treatment. [She] was unable to immediately forward the Third Party Complaint to [her] insurance company and retain counsel." As we stated above, however, general, unspecified medical problems do not form a basis for excusable neglect. See Valore at 5. Accordingly, we do not find that Appellant has satisfied the second element of the GTE test, which requires that one of the circumstances rendering relief appropriate under Civ.R. 60(B)(1)-(5) exists. See GTE,
47 Ohio St.2d at paragraph two of the syllabus. As all three elements of the GTE test must be satisfied before a trial court may grant a 60(B) motion for relief from judgment, we do not find that the trial court erred in denying such motion.
 {¶ 17} Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The trial court incorrectly awarded Riggins damages on her default judgment."
 {¶ 18} In her third and final assignment of error, Appellant maintains that the trial court incorrectly awarded damages to Appellee. We agree.
 {¶ 19} Appellee filed a third party complaint against Appellant asserting, amongst other things, a professional negligence claim. In order to recover in an action for professional negligence, a plaintiff has the burden of proving: (1) the standard of care within the profession; (2) the defendant's failure to adhere to the professional standards; and (3) that the defendant's failure to adhere to the professional standards proximately caused harm to the plaintiff. Weaver v.Carson (1979), 62 Ohio App.2d 99, 100, overruled on other grounds by Krahn v. Kinney (1989), 43 Ohio St.3d 103. In the case at hand, we do not agree with the trial court that Appellant's alleged negligence proximately caused Appellee to suffer $35,000.00 in damages. No evidence was introduced showing that Appellant's actions had, in any way, proximately caused Appellee to fail to make her mortgage payments.
 {¶ 20} The facts leading to the underlying complaint are as follows. Appellee applied for a $43,000 loan. Appellant was sent out to appraise Appellee's property. Appellant appraised Appellee's property as being worth $65,000.00. Appellee was thereafter given a loan of $41,900.00. Appellee defaulted on her loan, and the mortgage company commenced foreclosure proceedings. Appellant testified that her property should have been appraised at $30,000.
 {¶ 21} No evidence was introduced showing what damages Appellee actually suffered as a result of Appellant's appraisal. In fact, the only testimony regarding damages shows that Appellee's monthly payments decreased as a result of the mortgage. Prior to refinancing, Appellee testified that her monthly expenses totaled about $520 per month. Of that $520 per month, about $180 to $198 of it represented her mortgage payment, $326 represented her car payment and $22 a month was for a Bally's membership. After refinancing, Appellee's payments totaled $411 per month.
 {¶ 22} In awarding damages to Appellee, the trial court stated that if Appellant had not "over-appraised the value of the house [Appellee] could not have received such a large loan. Had she received a more reasonable loan amount, her payments would have been lower, and therefore, she wouldn't have defaulted on her payments." We find the above statement to be speculative. While Appellee may not have received a loan in the amount of $41,900 had Appellant not over-appraised the value of her home, there is no evidence that Appellant's actions caused Appellee to suffer damages in the amount of $35,000.00. The trial court took the value of Appellee's home as appraised by Appellant, $65,000.00, and subtracted the amount that Appellee felt it should have been appraised at, $30,000.00, to come to a damages award of $35,000.00.
 {¶ 23} The proper measure of damages in a professional negligence action is founded on the three elements common to any tort: a breach of duty, causation and damages. We find that Appellee failed to provide any evidence that Appellant's negligence proximately caused the loss of $35,000.00. In fact, we fail to see any evidence showing that the over-appraisal, if there was one, was the proximate cause of Appellant's failure to make her mortgage payments.
 {¶ 24} The record below fails to adequately support the trial court's award of $35,000.00 in compensatory damages. This matter must, therefore, be remanded to the lower court for further determination and clarification on the issue of damages.
 {¶ 25} We overrule Appellant's first and second assignments of error, sustain her third assignment of error and remand to the trial court on the issue of damages.
Judgment affirmed in part, reversed in part, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to both parties equally.
Whitmore, J. concurs.