OPINION
{¶ 1} Respondent-appellant, Jennifer Beachler, appeals a domestic violence civil protection order issued against her by the Preble County Common Pleas Court on behalf of petitioner-appellee, Brian Beachler.
 {¶ 2} Appellant and appellee were married on September 13, 1999, in Winter Haven, Florida. The parties are the parents of two minor children.
 {¶ 3} In May 2005, appellee left Florida with the parties' children and came to Eaton, *Page 2 
in Preble County, Ohio. On July 22, 2005, appellee petitioned for a domestic violence civil protection order, pursuant to R.C. 3113.31, in the Preble County Common Pleas Court. An ex parte hearing was held on that same date, at which appellee testified that appellant had committed acts of physical violence against one of the parties' children on numerous occasions. Following the hearing, the trial court issued a temporary order of protection, prohibiting appellant from having any contact with appellee or the parties' children. The trial court scheduled a full hearing on the protection order for July 27, 2005.
 {¶ 4} On July 27, 2005, the trial court held a hearing on the issuance of a civil protection order. Appellee, who was represented by counsel, showed up for the hearing, but appellant did not. Later that same day, the trial court issued a final, five-year order of protection, ordering appellant to stay away from appellee and the parties' minor children.
 {¶ 5} On December 5, 2005, appellant moved for relief from judgment pursuant to Civ.R. 60(B)(5), asking the trial court to set aside the July 27, 2005 protection order on the ground that she had not been timely served with notice of the full hearing, as required under R.C.3113.31(D)(2). Appellant attached her own affidavit to the Civ.R. 60(B) motion, in which she stated that she did not receive notice of the full hearing until about the time the hearing actually took place at 1:00 p.m., on July 27, 2005. The trial court scheduled the matter for a hearing on January 6, 2006.
 {¶ 6} The day before the January 6th hearing, appellant moved for a continuance on the ground that she could not afford at that time to travel from her home in Florida to Ohio. The trial court granted appellant a continuance of the matter until February 15, 2006.
 {¶ 7} On February 15, 2006, appellant again failed to attend the hearing. Appellant's counsel informed the trial court that appellant could not attend because she again lacked the money to travel from Florida to Ohio. Appellant's counsel also stated that appellant was afraid of appellee. *Page 3 
 {¶ 8} On February 28, 2006, the trial court issued an entry and order, denying appellant's Civ.R. 60(B) motion due to appellant's failure to attend the February 15th hearing, and ordering that the July 27, 2005 domestic violence civil protection order remain in full force and effect.
 {¶ 9} Appellant now appeals from the trial court's February 28, 2006 entry and order, raising the following assignment of error:
 {¶ 10} "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE RESPONDENT-APPELLANT IN OVERRULING HER MOTION TO VACATE THE CIVIL PROTECTION ORDER."
 {¶ 11} Appellant argues that the trial court's July 27, 2005 order of protection was void because the trial court had not obtained personal jurisdiction over her by the time the court held a full hearing on appellee's petition and issued the civil protection order. We agree with this argument.
 {¶ 12} In order to render a valid judgment, a court must have jurisdiction over the defendant in the action. Maryhew v. Yova (1984),11 Ohio St.3d 154, 156. A court may acquire personal jurisdiction over the defendant "either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal representative which constitute an involuntary submission to the jurisdiction of the court." Id.
 {¶ 13} Any judgment rendered by a court that has not acquired personal jurisdiction over the defendant is void, and not merely voidable. SeePeoples Banking Co. v. Brumfield Hay Grain Co. (1961),172 Ohio St. 545, paragraph two of the syllabus; Lincoln Tavern, Inc. v. Snader
(1956), 165 Ohio St. 61, 64; Keybank Natl. Assn. v. Tawill (1998),128 Ohio App.3d 451, 454; and CompuServe, Inc. v. Trionfo (1993),91 Ohio App.3d 157, 161.
 {¶ 14} Jurisdiction over the person is presumed to exist in the absence of an objection. *Page 4 In re Fudge (1977), 59 Ohio App.2d 129, 132. When an objection based on lack of personal jurisdiction is raised, the plaintiff has the burden of establishing that the court has jurisdiction. See Speck v. Mutual Serv.Life Ins. Co. (1990), 65 Ohio App.3d 812, 815; Giachetti v. Holmes
(1984), 14 Ohio App.3d 306, 307; and Jurko v. Jobs Europe Agency (1975),43 Ohio App.2d 79, 85.
 {¶ 15} The trial court must resolve the question of whether or not it has personal jurisdiction over the defendant by making a determinative finding on the issue. See Speck, 65 Ohio App.3d at 815; Fudge,59 Ohio App.2d at 132. The court may hear the matter on affidavits, depositions, or interrogatories, or it may hold a hearing on the issue and receive oral testimony. Jurko, 43 Ohio App.2d at 85.
 {¶ 16} If the court decides the issue of its jurisdiction without holding an evidentiary hearing, it must view the allegations in the pleadings or any documentary evidence submitted by the parties in a light most favorable to the non-moving party, resolving all competing inferences in the nonmoving party's favor. Speck at 815, andGiachetti, 14 Ohio App.3d at 307.
 {¶ 17} In most civil actions, the defense of lack of jurisdiction over the person usually must be raised either in the defendant's answer or in a motion filed prior to the filing of an answer. Franklin v.Franklin (1981), 5 Ohio App.3d 74, 75-76. If the defendant makes an appearance in the action, either in person or through his or her attorney, without raising the defense of lack of personal jurisdiction, then the defendant is considered to have waived that defense. SeeMaryhew, 11 Ohio St.3d at 156-159 (finding that defendant had not submitted to the court's jurisdiction, which would have waived the issue of lack of personal jurisdiction), and Mortgage Lenders Network USA,Inc. v. Riggin, Summit App. No. 22901, 2006-Ohio-3292 (trial court acquired personal jurisdiction over appellant when she made a voluntary appearance in the matter). *Page 5 
 {¶ 18} A party seeking to challenge a void judgment must file a motion to vacate or set aside the judgment. Compuserve, 91 Ohio App.3d at 161. A party should not file a Civ.R. 60(B) motion for relief from judgment in order to have a void judgment vacated or set aside, since Civ.R. 60(B) motions apply only to judgments that are voidable rather than void. See the 1970 Staff Note to Civ.R. 60(B). The power to vacate a void judgment does not arise from Civ.R. 60(B), but rather, from an inherent power possessed by the courts in this state. Patton v.Diemer (1988), 35 Ohio St.3d 68, paragraph four of the syllabus.
 {¶ 19} Nevertheless, where a party attempts to vacate a void judgment through a Civ.R. 60(B) motion, courts treat the motion as a common law motion to vacate or set aside the judgment, finding that it is "not significant" that the motion has been styled as a Civ.R. 60(B) motion.Compuserve, 91 Ohio App.3d at 161, citing U.S. Sprint Communications Co.v. Mr. K's Foods, Inc. (Dec. 31, 1990), Franklin App. No. 90AP-629.
 {¶ 20} In the case sub judice, appellant argues that the trial court lacked personal jurisdiction to rule on the matter because she did not receive service of process in a timely manner. Appellant attempted to vacate the court's July 27, 2005 order by filing a Civ.R. 60(B) motion for relief from judgment. While appellant's attempted use of Civ.R. 60(B) to vacate the trial court's judgment was technically incorrect, the trial court erred by not treating appellant's Civ.R. 60(B) motion as a common law motion to vacate or set aside the court's judgment based on a lack of personal jurisdiction. Compuserve, citing U.S. SprintCommunications Co., Franklin App. No. 90AP-629.
 {¶ 21} Furthermore, by moving to vacate or set aside the trial court's judgment granting the civil protection order on the basis that the court lacked personal jurisdiction over her, appellant clearly raised an objection to the court's lack of personal jurisdiction. This, in turn, placed the burden of proof on appellee to demonstrate that the trial court had personal jurisdiction over appellant by the time the court held a full hearing on the matter and issued *Page 6 
its July 27, 2005 domestic violence civil protection order. SeeSpeck, 65 Ohio App.3d at 815; Giachetti, 14 Ohio App.3d at 307; andJurko, 43 Ohio App.2d at 85. In this case, it is apparent that appellee did not meet this burden.
 {¶ 22} Appellant attached an affidavit to her Civ.R. 60(B) motion in which she stated that she had not been served with timely notice of the full hearing held on appellee's petition. However, in light of appellant's failure to attend the February 15, 2006 hearing, appellant's affidavit, standing alone, may well have been insufficient to overcome the presumption that the trial court had personal jurisdiction over her. See Fudge, 59 Ohio App.2d at 132.
 {¶ 23} Nevertheless, appellee himself represented to the trial court at the February 15 hearing that appellant had not been served with notice of the proceedings until July 28, 2005, which was the day after the full hearing on appellee's petition was held and the trial court issued its civil protection order. Thus, there was evidence in the record that rebutted the presumption that the trial court had personal jurisdiction over appellant at the time the full hearing was held on appellee's petition, and at the time the trial court issued the civil protection order on July 27, 2005.
 {¶ 24} Furthermore, appellant did not affirmatively waive service of process in this action, nor did she waive the lack-of-personal-jurisdiction issue by making an appearance in these proceedings without objecting to the trial court's lack of personal jurisdiction. Cf. Maryhew, 11 Ohio St.3d at 156-159, and MortgageLenders Network USA, Inc., 2006-Ohio-3292 at ¶ 6-8. Given the foregoing, the trial court did not have personal jurisdiction over appellant at the time the court issued its July 27, 2005 civil protection order and, therefore, that order is void.
 {¶ 25} This court is aware of the fact that appellant failed to show up for the December 1, 2005 hearing on her motion for relief from judgment, at which point the matter was continued until January 6, 2006; that appellant, through her counsel, sought and received a *Page 7 
continuance of the scheduled January 6, 2006 hearing until February 15, 2006; and that appellant then failed to attend the February 15 hearing. It is apparent why the trial court became frustrated with appellant's behavior and entered judgment against her, and we are reluctant to reward appellant's conduct by finding for her in this case.
 {¶ 26} Nevertheless, the record clearly shows that the trial court failed to obtain personal jurisdiction over appellant at the time it issued the July 27, 2005 domestic violence civil protection order against appellant and, therefore, that order is void, and not merely voidable. See Peoples Banking Co., 172 Ohio 545 at paragraph two of the syllabus; Lincoln Tavern, Inc., 165 Ohio St.3d at 64; Keybank Natl.Assn., 128 Ohio App.3d at 454; and CompuServe, Inc.,91 Ohio App.3d at 161.
 {¶ 27} Finally, it must be remembered that the process for obtaining a domestic violence civil protection order pursuant to R.C. 3113.31(D) provides a very limited time for respondents to receive notice of the proceedings[1] Given these circumstances, it is necessary to ensure that respondents receive fair notice of these types of proceedings since they will often involve the most important of the parties' affairs, such as the temporary allocation of parental rights and responsibilities regarding the parties' minor children. See R.C. 3113.31(E) (1 )(d). Since appellant did not receive such notice in this case, we conclude that the domestic violence civil protection order issued by the trial court is void.
 {¶ 28} Appellant's assignment of error is sustained.
 {¶ 29} The trial court's judgment is reversed, and this cause is remanded for further proceedings consistent with this opinion and in accordance with the laws of this state.
WALSH and YOUNG, JJ., concur.
[1] In fact, R.C. 3113.31(D)(2)(a)(i) allows respondents to move for a continuance based on a failure to receive timely notice. *Page 1