JOURNAL ENTRY AND OPINION
{¶ 1} This case came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1.
 {¶ 2} Defendant-appellant Juanita Jordan ("Jordan") appeals the trial court's imposition of a civil stalking protection order against her and in favor of plaintiff-appellee Delores Jones ("Jones"). Upon review of the record, we reverse and remand.
 {¶ 3} Jordan and Jones are sisters. Jones filed the instant stalking civil protection order against Jordan after Jordan instituted eviction proceedings against Jones. Upon eviction, Jones moved into their mother's home.
 {¶ 4} On July 21, 2006, the Cuyahoga County Court of Common Pleas granted Jones' temporary ex parte civil stalking protection order and set the matter for full hearing on a final civil stalking protection order on July 27, 2006. The trial court reset the hearing until August 2, 2006 at 9:30 a.m. The matter proceeded to hearing on August 2, 2006 at 9:30 a.m., in Jordan's absence. The trial court granted *Page 3 
Jones' civil stalking protection order, which is valid through August 2, 2011. Jordan did not receive personal service until August 2, 2006 at 1:38 p.m., just over four hours after the scheduled hearing.
 {¶ 5} On August 22, 2006, counsel for Jordan filed a notice of appearance and a motion for relief from judgment. In the motion, Jordan argued she did not receive timely notice of the hearing and, thus, could not have appeared to defend herself. The court designated Jordan's motion for relief from judgment as moot. Jordan filed the instant appeal on September 1, 2006. Specifically, Jordan's single assignment of error states, "The trial court erred when it granted appellee's motion for a civil protection order without receiving proper notice of the hearing so that she could have an opportunity to attend and oppose the request." We agree.
 {¶ 6} However, Jordan's brief lacks a table of authorities in violation of App.R. 16(A). The Court of Appeals of Ohio, Tenth Appellate District, held that:
 "Procedural rules adopted by courts are designed to promote the administration of justice and to eliminate undue delay. * * *
 The necessity of compliance with these rules is not to be minimized. Nonetheless, courts prefer to resolve cases upon their merits rather than upon procedural default. Thus, despite appellant's failure to comply with the Ohio Rules of Appellate Procedure, we choose to decide this appeal on the merits." State v. Wilson, Franklin App. Nos. 05AP-939, 05AP-940, 05AP-941, 2006-Ohio-2750. (Citations omitted.)
 {¶ 7} This court is in receipt of Jordan's unopposed appellate brief lacking a table of authorities. Pursuant to Wilson, we will decide the instant case on the merits and with all documentation presented to this court for review, despite Jordan's *Page 4 
failure to comply with the Ohio Rules of Appellate Procedure. In addition, we are not in receipt of transcripts for the August 2, 2006 hearing.
 {¶ 8} According to R.C. 2903.214(D)(2), Respondent is entitled to notice of, and an opportunity to be heard at, a full civil stalking protection order hearing. R.C. 2903.214(D)(2) states as follows:
 "If the court after an ex parte hearing, issues a protection order described in division (E) of this section, the court shall schedule a full hearing for a date that is within ten days after the ex parte hearing. The court shall give the respondent notice of, and an opportunity to be heard at, the full hearing. * * * Under any of the following circumstances or for any of the following reasons, the court may grant a continuance of the full hearing to a reasonable time determined by the court:
 (i) Prior to the date scheduled for the full hearing under this division, the respondent has not been served with the petition filed pursuant to this section and notice of the full hearing."
 {¶ 9} Here, Jordan did not receive notice of the hearing set for August 2, 2006, at 9:30 a.m., until the date of the hearing at 1:38 p.m. Although the trial court continued the initial hearing date from July 27, 2006 to August 2, 2006, it did not continue the August 2, 2006 hearing for lack of service to a reasonable time determined by the court.
 {¶ 10} "In order to render a valid judgment, a court must have jurisdiction over the defendant in the action." Beachler v.Beachler, Preble App. No. CA2006-03-007, 2007-Ohio-1220. Personal jurisdiction may be acquired, "either by service of process upon the defendant, the voluntary appearance and submission of the defendant or his legal representative, or by certain acts of the defendant or his legal *Page 5 
representative which constitute an involuntary submission to the jurisdiction of the court." Money Tree Loan Co. v. Williams,169 Ohio App.3d 336, 2006-Ohio-5568. In the instant case, Jordan did not receive service of process until after final judgment. Thereupon, Jordan made a voluntary appearance on August 22, 2006, through counsel, solely to contest her lack of notice and opportunity to be heard. Jordan did not intended to submit to or waive service in any manner.
 {¶ 11} According to Civ.R. 12(H), the defense of lack of personal jurisdiction must be raised either in defendant's answer or by motion prior to filing an answer or the defense is waived. Jordan raised the defense of lack of personal jurisdiction after the trial court issued the civil stalking protection order. However, Jordan, not having been served prior to final judgment, objected to jurisdiction at her earliest opportunity, via a motion for relief from judgment.
 {¶ 12} "Jurisdiction over the person is presumed to exist in the absence of an objection." Beachler, supra. Plaintiff has the burden of establishing that the court has personal jurisdiction over defendant upon defendant's objection to the same. Mellino Consulting, Inc. v.Synchronous Mgt. Sarasota, Inc., Cuyahoga App. No. 87894, 2007-Ohio-541. Here, Jordan challenged personal jurisdiction at the trial court level at her first opportunity, and Jones asserted no objections to Jordan's personal jurisdiction argument. Jones neither filed a brief in opposition to Jordan's motion for relief from judgment, nor did she file an appellee brief with the appeals *Page 6 
court. Therefore, Jones fails to satisfy her burden of establishing that the trial court had jurisdiction.
 {¶ 13} The trial court is responsible for resolving issues of personal jurisdiction; specifically:
 "The court may hear the matter on affidavits, depositions, or interrogatories, or it may hold a hearing on the issue and receive oral testimony. If the court decides the issue of jurisdiction without holding an evidentiary hearing, it must view the allegations in the pleadings or any documentary evidence submitted by the parties in a light most favorable to the non-moving party, resolving all competing inferences in the nonmoving party's favor." Beachler, supra. (Citations omitted.)
 {¶ 14} In the instant case, the record does not reflect that the trial court made a determinative finding on the issue of personal jurisdiction via affidavit, deposition, interrogatories or oral testimony. Jordan's motion for relief from judgment is marked as "moot" and a hearing on the matter does not appear to have been held. Therefore, the court failed to resolve issues of personal jurisdiction.
 {¶ 15} More specifically, "Any judgment rendered by a court that has not acquired personal jurisdiction over the defendant is void, and not merely voidable." Id. Therefore, without jurisdiction in the instant case, judgment is void. The appropriate avenue to challenge a void judgment is a motion to vacate or set aside the judgment. A Civ.R. 60(B) motion for relief from judgment is inappropriate because said motion applies only to judgments that are voidable. Id.
 "Nevertheless, where a party attempts to vacate a void judgment through a Civ.R. 60(B) motion, courts treat the motion as a common law motion to vacate or set aside the judgment, finding that it is `not *Page 7 
significant' that the motion has been styled as a Civ. R. 60(B) motion." (Citations omitted). Id.
 {¶ 16} Here, Jordan attempted to vacate the trial court's ruling by filing a Civ.R. 60(B) motion for relief from judgment. Although filing a Civ.R. 60(B) motion is technically incorrect, a trial court errs in failing to treat a Civ.R. 60(B) motion as a common law motion to vacate or set aside the court's judgment for lack of personal jurisdiction. Id. In the instant case, however, the trial court did not have appropriate time to rule on Jordan's Civ.R. 60(B) motion for relief from judgment because Jordan filed the motion on August 22, 2006, and then filed the instant appeal on September 1, 2006.
 {¶ 17} Jordan clearly raised an objection to personal jurisdiction via her motion, thus placing the burden on Jones to demonstrate the existence of personal jurisdiction. Jones failed to meet this burden either by filing a brief in opposition to Jordan's motion for relief from judgment or by filing an appellee brief in the instant appeal.
 {¶ 18} It is clear to this court that Jordan did not receive service until August 2, 2006 at 1:38 p.m., several hours after the scheduled hearing. Thus, there exists evidence on the record rebutting the presumption that the trial court had personal jurisdiction over Jordan during the full hearing held on August 2, 2006 at 9:30 a.m. We also find that Jordan did not waive service or make any appearance without failing to object thereto. *Page 8 
 {¶ 19} As such, the trial court did not have personal jurisdiction over Jordan on August 2, 2006 at 9:30 a.m. when it issued its civil protection order. The civil protection order is void. Jordan's single assignment of error is sustained. The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion and in accordance with the laws of this state.
It is ordered that appellant recover from appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 JAMES J. SWEENEY, P.J., and SEAN C. GALLAGHER, J., CONCUR *Page 1