[Cite as *Blaine v. Blaine* , 2011-Ohio-1654.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
JACKSON COUNTY

JAMIE E. BLAINE,                 :
                                         :

     Petitioner-Appellee,     : Case No. 10CA15
                                           :

     vs.                              : **Released: April 1, 2011**
                                           :

WILLIAM H. BLAINE, III,     : <u>DECISION AND JUDGMENT</u>
                                          : <u>ENTRY</u>

     Respondent-Appellant.     :
_____

APPEARANCES:

William S. Cole, Jackson, Ohio, for Appellant.

Lorene G. Johnston, Jackson, Ohio, for Appellee.
_____

McFarland, J.:

**{¶1}** Appellant, William Blaine, appeals the trial court's decision that overruled his Civ.R. 60(B) motion for relief from judgment. He asserts that he is entitled to relief from the court's judgment approving the QDRO, because the QDRO is inconsistent with the terms of the parties' separation agreement that the court incorporated into its dissolution decree. Because appellant alleged that the QDRO is inconsistent with the dissolution decree, Civ.R. 60(B) does not apply. Instead, if the QDRO conflicts with the decree, then the trial court possessed inherent authority to vacate the QDRO as a void judgment. The QDRO follows the parties' separation agreement

incorporated into the decree and is not inconsistent with it. Therefore, the QDRO is not void, and the trial court correctly determined that the QDRO should not be vacated. Appellant further asserts that the trial court abused its discretion by failing to hold an evidentiary hearing regarding his Civ.R. 60(B) motion. Because appellant's motion was not a proper Civ.R. 60(B) motion, he had no right to a Civ.R. 60(B) evidentiary hearing. Accordingly, we overrule appellant's two assignments of error and affirm the trial court's judgment.

## I.

## FACTS

{¶2} On November 26, 2008, the parties filed a petition for dissolution of marriage accompanied with a separation agreement. With regards to the retirement benefits, the parties' separation agreement states: "The parties have no retirement plans other than a 401(k) account with an approximate value of $170,501.08. The parties agree to split equally the value of the account with each party receiving approximately $85,250.54." The parties also submitted a financial disclosure affidavit in which the value of appellant's pension is listed as $170,501.08. On February 2, 2009, the trial court entered a dissolution decree that incorporated the parties' separation agreement.

{¶3} On May 21, 2009, the court entered a QDRO.  Paragraph seven of the QDRO states:

> "Amount of Assignment:  This Order assigns to [appellee] a portion of [appellant's] Total Account Balance under the Plan in an amount equal to Eight Five Thousand Two Hundred Fifty and 54/100 Dollars ($85,250.54), effective as of November 25, 2008 (or the closest valuation date thereto).
>        Allocation of Benefits:  [Appellee's] benefit will be segregated into a separate account in like investments as [appellant] ('pro-rata' basis).  Investment earnings and/or losses will be applied to [appellee's] account from the date of segregation to the point she elects to take a distribution."

{¶4} After the court entered the QDRO, appellant, acting pro se, filed a letter with the court in which he objected to the amount appellee received under the QDRO.  The court found that appellant did not properly file this letter, so it did not consider it.

{¶5} On June 17, 2009, appellant filed a pro se "objection," in which he asserted that the QDRO deviates from the parties' separation agreement. He claimed that since the dissolution decree, market conditions have depreciated his 401(k) account to approximately $130,905.65.  Appellant argued that appellee is not entitled to one-half of the amount as valued in the separation agreement, but is only entitled to one-half of the current value.

{¶6} On August 7, 2009, the court overruled appellant's objection as untimely filed.

{¶7} On October 13, 2009, appellant filed a motion for relief from judgment. He asserted that the QDRO does not comply with the spirit of the parties' separation agreement, which was to equally divide his 401(k). He attached a copy of his November 25, 2008 Retirement Savings Statement, which shows an ending balance of $107,777.34.

{¶8} On February 17, 2010, the magistrate recommended that the court overrule appellant's motion. The magistrate observed that: (1) when the parties appeared in open court for the dissolution hearing, appellant "stated on the record that his 401(k) was worth $170,501.08"[1]; (2) appellant signed the separation agreement, which stated that his 401(k) was worth $170,501.08; (3) appellant "signed a Waiver of Property," in which he indicated that the division of property was equitable; (4) appellant stated on the record that he read and understood the separation agreement and that he had freely entered into the agreement and that it was fair; and (5) appellant had control and access over the 401(k) account information. The magistrate determined that: (1) appellant failed to set forth a meritorious defense; (2) he failed to show entitlement to relief under Civ.R. 60(B); and (3) he did not file his motion within a reasonable time.

---

[1] We have reviewed the nine-page January 23, 2009, dissolution hearing transcript and were unable to locate where "in open court" appellant stated the value of his 401(k).

{¶9} On March 3, 2010, appellant filed objections to the magistrate's decision, and on March 25, 2010, appellant filed a second motion for relief from judgment. On July 22, 2010, the trial court overruled appellant's objections.

{¶10} On August 3, 2010, the magistrate recommended that the court overrule appellant's second motion for relief from judgment. On August 17, 2010, appellant filed additional objections.

{¶11} On August 18, 2010, appellant filed a notice of appeal from the court's July 22, 2010 "judgment." This court subsequently dismissed appellant's August 18, 2010 appeal due to lack of a final appealable order.

{¶12} On October 13, 2010, the trial court overruled appellant's objections and entered a judgment that denied his motion.[2]

## II.

### ASSIGNMENTS OF ERROR

{¶13} Appellant timely appealed and raises the following assignments of error:

First Assignment of Error:

"THE TRIAL COURT ERRED WHEN IT OVERRULED THE 60(B) MOTION FILED BY APPELLANT."

---

[2] The court did not clearly indicate in its October 13, 2010 judgment entry whether it was overruling appellant's first motion for relief from judgment (pursuant to our finding of a lack of a final appealable order) or his second motion for relief from judgment. Because the two motions contained essentially the same substantive allegations, we do not find this failure to affect our ability to consider this appeal.

Second Assignment of Error:

"THE TRIAL COURT ERRED WHEN IT FAILED TO
GRANT AN EVIDENTIARY HEARING."

III.

CIV.R. 60(B) MOTION

**{¶14}** In his first assignment of error, appellant argues that the trial

court erred by overruling his Civ.R. 60(B) motion for relief from judgment.

He asserts that he is entitled to relief from the court's judgment adopting the

QDRO, because it contradicts the terms of the parties' separation

agreement.[3]   Specifically, appellant complains that the QDRO fails "to split

equally the value of the account," as the parties had agreed to do in the

separation agreement.  He contends that the QDRO, by awarding appellee a

sum certain instead of one-half the account value, fails to comply with the

separation agreement.

**{¶15}** Civ.R. 60(B) states that "[o]n motion and upon such terms as

are just, the court may relieve a party or his legal representative from a final

judgment, order or proceeding for the following reasons: (1) mistake,

inadvertence, surprise or excusable neglect; (2) newly discovered evidence

which by due diligence could not have been discovered in time to move for a

new trial under Rule 59(B); (3) fraud (whether heretofore denominated

intrinsic or extrinsic), misrepresentation or other misconduct of an adverse

party; (4) the judgment has been satisfied, released or discharged, or a prior

judgment upon which it is based has been reversed or otherwise vacated, or

it is no longer equitable that the judgment should have prospective

application; or (5) any other reason justifying relief from the judgment. The

motion shall be made within a reasonable time, and for reasons (1), (2) and

(3) not more than one year after the judgment, order or proceeding was

entered or taken.  A motion under this subdivision (B) does not affect the

finality of a judgment or suspend its operation.  The procedure for obtaining

any relief from a judgment shall be by motion as prescribed in these rules."

{¶16} In *GTE Automatic Elec. v. ARC Industries, Inc.* (1976), 47 Ohio

St.2d 146, 351 N.E.2d 113, the Supreme Court of Ohio set forth the

requirements necessary to obtain Civ.R. 60(B) relief.  "[T]he movant must

demonstrate that (1) the party has a meritorious defense or claim to present if

relief is granted; (2) the party is entitled to relief under one of the grounds

stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a

reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or

(3), not more than one year after the judgment, order or proceeding was

entered or taken."

---

[3] Both the magistrate and the trial court treated appellant's motion as seeking relief from the court's dissolution decree.  However, we interpret his motion as seeking to vacate the QDRO.

{¶17} In the case at bar, although the parties and the trial court employed the Civ.R. 60(B) standard to determine whether appellant was entitled to relief, Civ.R. 60(B) is not the correct procedural device to use when a party asserts that a QDRO is inconsistent with a dissolution or divorce decree. Instead, when a QDRO conflicts with a dissolution decree, the QDRO is void. *Bagley v. Bagley,* 181 Ohio App.3d 141, 2009-Ohio-688, 908 N.E.2d 469 at ¶27, ("[W]hen a QDRO is inconsistent with the decree, the trial court lacks jurisdiction to issue it, and it is void."); see, also, *State ex rel. Sullivan v. Ramsey*, 124 Ohio St.3d 355, 2010-Ohio-252, 922 N.E.2d 214, at ¶19 quoting *Bagley* at ¶26 ("'So long as the QDRO is consistent with the decree * * * the court does not lack jurisdiction to issue it.'"). When a party claims that a judgment is void, that party need not comply with Civ.R. 60(B). Instead, a trial court retains inherent authority to vacate a void judgment. See *Brownlee v. Brownlee*, Cuyahoga App. No. 94494, 2010-Ohio-5602, at ¶8 ("The trial court has the inherent power to vacate a void decree. A party need not comply with Civ.R. 60(B) to vacate a void decree.") (citations omitted); *Plummer v. Plummer,* Montgomery App. No. 23743, 2010-Ohio-3450, ¶27 ("Civ.R. 60(B) deals with vacation of voidable judgments. Therefore, authority to vacate a judgment which is void is not derived from or controlled by Civ.R. 60(B), * * * but is instead an

inherent power of the court. * * * A trial court may exercise that inherent power by treating a Civ.R. 60(B) motion as a common-law motion to vacate a void judgment.") (citations omitted); *Himes v. Himes,* Tuscarawas App. No.2004AP020009, 2004-Ohio-4666, at ¶20-21. When a party incorrectly seeks relief under Civ.R. 60(B) in an attempt to vacate a void judgment, a court will "treat the motion as a common law motion to vacate or set aside the judgment * * *." *Beachler v. Beachler*, Preble App. No. CA2006-03-007, 2007-Ohio-1220, at ¶19; see, also, *Jones v. Jordan*, Cuyahoga App. No. 88696, 2007-Ohio-2519, at ¶15.

{¶18} In the case sub judice, the parties and the trial court did not evaluate appellant's motion using the correct legal standard. The parties and the court focused on whether appellant had satisfied the requirements of Civ.R. 60(B), rather than focusing on whether the QDRO is a void judgment for being inconsistent with the separation agreement. Ordinarily, we refrain from considering issues that the trial court did not. See, e.g., *Cooper v. Jones,* Jackson App. No. 05CA7, 2006-Ohio-1770, at ¶26. In the case at bar, however, when the court determined appellant did not have a meritorious defense, the court implicitly determined that the QDRO does not conflict with the separation agreement—that is, the court examined the merits of appellant's claim that the QDRO was inconsistent with the parties'

agreement and determined that it had no merit.  The court observed that appellant agreed to the stated value of $170,501.08, when he entered into the separation agreement, and that the QDRO awards appellee one-half this amount.  Thus, because the trial court implicitly considered this issue, we believe that we may consider whether the QDRO is void for being in conflict with the separation agreement.

{¶19} The determination of whether a judgment is void presents a question of law.  See, generally, *Grimes v. Grimes*, Washington App. Nos. 06CA56 and 06CA73, 2007-Ohio-5653, at ¶22  (reviewing whether judgment void due to lack of subject matter jurisdiction on de novo basis).  Moreover, whether a QDRO conflicts with a separation agreement incorporated into a dissolution or divorce decree presents a question of law that we review de novo.  See *Brownlee* at ¶9 (using de novo standard of review without explicitly stating so).

{¶20} "[A] QDRO implements a trial court's decision of how a pension is to be divided incident to divorce or dissolution."  *Wilson v. Wilson,* 116 Ohio St.3d 268, 2007-Ohio-6056, 878 N.E.2d 16, at ¶7.  "A QDRO does not in any way constitute a further adjudication on the merits of the pension division, as its sole purpose is to implement the terms of the divorce decree."  *Id.* at ¶16.  "' * * * Indeed a QDRO may not vary from,

enlarge, or diminish the relief that the court granted in the divorce decree, since that order which provided for the QDRO has since become final.'" Id. at ¶18, quoting *Lamb v. Lamb* (Dec. 4, 1998), Paulding App. No. 11-98-09.

{¶21} In the case at bar, the parties agreed in the separation agreement to equally divide appellant's pension. The agreement states: "The parties have no retirement plans other than a 401(k) account with an approximate value of $170,501.08. The parties agree to equally split the value of the account with each party receiving approximately $85,250.54." The QDRO states: "This Order assigns to [appellee] a portion of [appellant's] total Account Balance under the Plan in an amount equal to Eight-Five Thousand Two Hundred Fifty and 54/100 Dollars ($85,250.54) effective as of November 25, 2008." The QDRO does not conflict with the separation agreement. The separation agreement values appellant's 401(k) at $170,501.08. It does not provide for the value to be determined at a later date. The separation agreement then awards appellee one-half of $170,501.08. It does not award appellee one-half of a future amount, to be determined at a future date. See, generally, *Cisco v. Cisco*, Gallia App. No. 08CA8, 2009-Ohio-884, at ¶14 (observing that when decree awards party "one-half of [a specified] amount," the award does not include "any additional employer contributions, interest, dividends, earnings, or increases

in the value of her share that accrue after the divorce," but instead, is a straight-forward award of one-half the stated sum). If appellant had intended appellee's one-half share to be diminished by future events, then he should have ensured the agreement reflected his intent. Because it does not, it must be enforced as written. We cannot find that the agreement and the QDRO conflict simply because appellant apparently was under a misunderstanding.

{¶22} Moreover, any subsequent decline in the value of appellant's 401(k) was a post-marital decline in value for which appellant bears the loss. The implication of the separation agreement is that the parties agreed to split the marital value, which appellant agreed equaled $170,501.08. His lack of foresight that his 401(k) may decline in value between the date of the decree and the date of the QDRO does not render the QDRO inconsistent with the decree. See, generally, *Veidt v. Cook*, Butler App. No. CA2003-08-209, 2004-Ohio-3170, at ¶11 ("The fact that appellant's retirement funds have suffered a decline in value does not render the terms of the divorce decree regarding the division of the retirement benefits ambiguous."); *Brown v. Brown* (Sept. 6, 1996), Greene App. No. 96-CA-11 (concluding that trial court properly denied husband's Civ.R. 60[B][4] when it was foreseeable that husband's stock options might decrease in value); *Tabor v. Tabor,*

Mahoning App. No. 02-CA-73, 2003-Ohio-1432 (determining that wife's Civ.R. 60[B][4] motion improperly granted when it was foreseeable that value of husband's pension might increase over time).  Furthermore, had appellant thought the separation agreement did not accurately value his 401(k), then he should not have agreed to it.

{¶23} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.

IV.

CIV.R. 60(B) HEARING

{¶24} In his second assignment of error, appellant argues that the trial court abused its discretion by failing to hold a hearing regarding his Civ.R. 60(B) motion.

{¶25} Because we have determined that the correct analysis is not pursuant to Civ.R. 60(B), we find appellant's second assignment to be misplaced.  Appellant's motion was not a proper Civ.R. 60(B) motion. Therefore, he had no right to a Civ.R. 60(B) evidentiary hearing. Furthermore, were appellant to argue that he was entitled to an evidentiary hearing regarding a motion to vacate the QDRO as a void judgment, we do not believe that the submission of evidence would be required to rule on such a motion.  Instead, as we have explained in this opinion, whether the

QDRO and the separation agreement conflict is a matter of law that requires no evidence to be presented.

{¶26} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.

**JUDGMENT AFFIRMED.**

## **<u>JUDGMENT ENTRY</u>**

It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Jackson County Common Pleas Court to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.

Harsha, P.J. and Abele, J.: Concur in Judgment and Opinion.

For the Court,


BY:  _____
Matthew W. McFarland, Judge




**NOTICE TO COUNSEL**


**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**