[Cite as *Pawlak v. Pawlak*, 2011-Ohio-5652.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 95734**

## PATRICIA PAWLAK

PLAINTIFF-APPELLANT

vs.

## JOSEPH PAWLAK

DEFENDANT-APPELLEE

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas,
Domestic Relations Division
Case No. D-233625

**BEFORE:** Cooney, J., Kilbane, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** November 3, 2011

**ATTORNEY FOR APPELLANT**

Robert J. Sindyla
Sindyla Law Offices
7425 Royalton Road
North Royalton, Ohio 44133


**ATTORNEY FOR APPELLEE**

**For Joseph Pawlak**

Margaret E. Stanard
Stanard & Corsi, Co., L.P.A.
1370 Ontario Street
748 Standard Building
Cleveland, Ohio 44113

**For Cleveland Bakers & Teamsters, etc.**

Cleveland Bakers & Teamsters Pension Fund
9665 Rockside Road, Ste. D
Valley View, Ohio 44125


COLLEEN CONWAY COONEY, J.:

{¶ 1}  Plaintiff-appellant, Patricia Pawlak ("Patricia"), appeals the court's granting the motion to vacate a qualified domestic relations order ("QDRO") filed by defendant-appellee, Joseph Pawlak ("Joseph").  Finding no merit to the appeal, we affirm.

{¶ 2}  Patricia and Joseph were divorced on March 8, 1995.  Their divorce decree incorporates their separation agreement, which provides, in pertinent part:

"Wife shall retain Husband's Sysco Pension Plan, pursuant to a Qualified Domestic Relations Order prepared by Wife's counsel, and approved by

Husband's counsel upon the journalization of the parties' Judgment Entry for Divorce."

**{¶ 3}** The QDRO states, in pertinent part:

"* * * Patricia Pawlak would receive one hundred percent (100%) of the Participant Joseph Pawlak's accrued benefit in the Cleveland Bakers and Teamsters Pension Fund * * *."

**{¶ 4}** In January 2010, well over a decade after the execution of the separation agreement and QDRO, Joseph filed a motion to vacate the QDRO claiming that he never intended to give Patricia 100% of his Cleveland Bakers pension. Joseph contends that he gave Patricia 100% of his Sysco pension plan, as stipulated in the separation agreement, and entered by the divorce decree. The magistrate found in favor of Joseph's motion to vacate the QDRO, finding that it is void ab initio because it is inconsistent with the separation agreement.

**{¶ 5}** The magistrate granted Joseph's additional motion for a nunc pro tunc entry[1] and allowed the temporary restraining order to remain in effect for the Cleveland Bakers Pension Fund. Patricia objected to the magistrate's decision, but the court overruled her objections and adopted the decision in its entirety.

**{¶ 6}** Patricia now appeals, raising three assignments of error.

**{¶ 7}** When reviewing the propriety of a trial court's determination in a domestic relations case, an appellate court generally applies an abuse of discretion standard.

---

[1] The nunc pro tunc entry has been stayed pending this appeal.

*Booth v. Booth* (1989), 44 Ohio St.3d 142, 144, 541 N.E.2d 1028. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.

{¶ 8}  In her first assignment of error, Patricia argues that the court erred as a matter of law by overruling her objection to the magistrate's decision and subsequently denying her motion in opposition and to strike, and granting Joseph's motion to vacate and motion for nunc pro tunc entry.  Patricia also argues that the court erred in ruling that the temporary restraining order is still in effect.  Patricia also contends that the court erred when it failed to apply the doctrine of res judicata to bar Joseph's claims.

{¶ 9}  However, it is well established that:

"[a] QDRO is merely an order in aid of execution on the property division *ordered* in the divorce or dissolution decree.  So long as the QDRO is consistent with the decree, it does not constitute a modification, which R.C. 3105.171(I) prohibits, and the court does not lack jurisdiction to issue it." *Bagley v. Bagley*, 181 Ohio App.3d 141, 2009-Ohio-688, 908 N.E.2d 469, ¶26, citing *Tarbert v. Tarbert* (Sept. 27, 1996), Clark App. No. 96-CA-0036.

{¶ 10} Moreover, "a QDRO implements a trial court's decision of how a pension is to be divided incident to divorce or dissolution." *Wilson v. Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, 878 N.E.2d 16, ¶7; see, also, *Brownlee v. Brownlee*, Cuyahoga App. No. 94494, 2010-Ohio-5602.  "A QDRO does not in any way constitute a further adjudication on the merits of the pension division, as its sole purpose is to implement the

terms of the divorce decree." *Wilson* at ¶16. "Once a division of property is established in the divorce decree that decision 'is not subject to future modification by the court.' R.C. 3105.171(I)." *Schneider v. Schneider*, Stark App. No. 2009CA00090, 2010-Ohio-534, ¶9. Thus, an inconsistent QDRO that fails to implement the divorce decree is void. *Brownlee* at ¶8, citing *Bagley* at ¶27. The trial court has the inherent power to vacate a void decree.

{¶ 11} Although Patricia claims that the Sysco pension and the Cleveland Bakers pension are one and the same, Joseph contends that they are two distinct pensions. The record contains limited documentation of the Cleveland Bakers pension plan, including an investigation of the pension conducted prior to the divorce. No proof of a second and distinct "Sysco Pension" is contained in the record. Although the existence of a second pension plan is questionable, the magistrate was correct in pointing out that "[t]he intent of the parties in dividing whatever pension benefits were accrued at the time of the divorce is currently not the issue before the Court." Although it is possible that the error is contained in the separation agreement as opposed to the QDRO, this appeal does not involve a motion to correct the separation agreement.

{¶ 12} Patricia also argues that Joseph's motions are barred by the doctrine of res judicata. However, "[a] QDRO is not an independent judgment entry of the court, but rather an enforcement mechanism * * *." *Himes v. Himes*, 5th Dist. No. 2004AP020009, 2004-Ohio-4666, ¶19. "The QDRO is merely a tool used to execute the

divorce decree." *Wilson* at ¶19. In turn, "because a QDRO is a court order that effectuates the allocation of rights determined in the divorce decree, the QDRO itself does not represent an adjudication of any issues of law or fact. The doctrine of res judicata is therefore inapplicable." *Kingery v. Kingery*, Logan App. No. 8-05-02, 2005-Ohio-3608, ¶10.

{¶ 13} Accordingly, Patricia's first assignment of error is overruled.

{¶ 14} In her second assignment of error, Patricia argues that the court erred in finding that the QDRO was not prepared pursuant to the divorce decree. We disagree. The QDRO is clearly inconsistent on its face from the divorce decree in regard to the title given to Joseph's pension plan. Therefore, the QDRO is void and the court committed no error in vacating it.

{¶ 15} Accordingly, Patricia's second assignment of error is overruled.

{¶ 16} In her third assignment of error, Patricia argues that the court erred in accepting the magistrate's decision despite Joseph's failure to satisfy the requirements of Civ.R. 60(B).

{¶ 17} It is well established that when a party claims that a judgment is void, that party need not comply with Civ.R. 60(B). Instead, a trial court retains inherent authority to vacate a void judgment. See *Brownlee* at ¶8 ("The trial court has the inherent power to vacate a void decree. A party need not comply with Civ.R. 60(B) to vacate a void decree," citing *Plummer v. Plummer*, Montgomery App. No. 23743, 2010-Ohio-3450, ¶27.)

{¶ 18} Accordingly, Patricia's third assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the domestic relations court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
COLLEEN CONWAY COONEY, JUDGE

MARY EILEEN KILBANE, A.J., CONCURS;
PATRICIA ANN BLACKMON, J., DISSENTS (WITH SEPARATE OPINION ATTACHED).

PATRICIA ANN BLACKMON, J., DISSENTING:

{¶ 19} I respectfully dissent from the majority opinion. In his concurrence in *Bagley v. Bagley*, 181 Ohio App.3d 141, 2009-Ohio-688, 908 N.E.2d 469, Judge Fain opined that R.C. 3105.171(I) should not be used to restrict subject matter jurisdiction and void final judgments. I agree with him that an order violating R.C. 3105.171(I) is at best reversible error and voidable.

{¶ 20} In 2010, this court adopted the void approach to QDROs labeled inconsistent with divorce decrees in *Brownlee v. Brownlee*, Cuyahoga App. No. 94494,

2010-Ohio-5602. In her dissent in *Brownlee*, Judge Stewart said "I agree with Judge Fain — the reservation of jurisdiction to modify the terms of a division of marital property does not implicate subject matter jurisdiction." She pointed out, as Judge Fain did, that the proper way to resolve these "simple" errors is to either correct it at the trial court level or appeal the divorce decree. If one does not appeal or seek to correct the entry, the point remains that it is final and should remain final.

{¶ 21} In this case, because the facts are different from most other void QDRO orders, one could argue that this void approach is a false mechanism that has the effect of giving a party a "new bite at the otherwise agreed upon apple."

{¶ 22} It was 16 years ago when appellant and appellee signed their separation agreement and the lawyers signed the QDRO. Fifteen years later, the trial court voided the QDRO as inconsistent with the divorce decree; but is it? The appellee ex-husband had only one pension plan, Cleveland Bakers & Teamsters Pension Plan. He had two employers, Sysco and Seaway, that paid into that plan. The separation agreement gave appellant ex-wife 100% of the Sysco Plan, which does not exist. The QDRO identified the only and correct plan, Cleveland Bakers & Teamsters. Thus, it appears that a "simple error" existed in the divorce decree, not in the QDRO.

{¶ 23} Because I see this as a simple, correctable error, the trial court should be allowed to have a hearing to resolve the intent of the parties, especially where the divorce

decree misidentifies the pension plan. A hearing is the least costly and most efficient way to resolve the problem.