[Cite as *Pryor v. Pryor*, 2012-Ohio-756.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

| | | |
|---|---|---|
| Anthony C. Pryor, | : | |
| | : | |
| Plaintiff-Appellant, | : | Case No. 11CA3218 |
| | : | |
| v. | : | |
| | : | |
| Gloria K. Pryor | : | <u>DECISION AND JUDGMENT</u> |
| | : | <u>ENTRY</u> |
| Defendant-Appellee. | : | Filed: February 24, 2012 |

_____
<u>APPEARANCES:</u>

Anthony C. Pryor, Ross Correctional Institution, Chillicothe, Ohio, pro se Appellant.

Gloria K. Pryor, Newark, Ohio, pro se Appellee.
_____

Kline, J.:

**{¶1}** Anthony C. Pryor (hereinafter "Anthony") appeals the judgment of the Ross County Court of Common Pleas, which rejected his collateral attack on a previous judgment. On appeal, Anthony claims that his divorce decree is void for lack of venue. As a result, Anthony argues that the trial court should have allowed his collateral attack on the divorce decree. Because Civ.R. 3(G) expressly prohibits a collateral attack based on lack of venue, we disagree. Accordingly, we affirm the judgment of the trial court.

I.

**{¶2}** On January 15, 2009, the Ross County Court of Common Pleas granted Anthony a divorce from Gloria K. Pryor. We affirmed the trial court's

January 15, 2009 Decree of Divorce in *Pryor v. Pryor*, 4th Dist. No. 09CA3096, 2009-Ohio-6670, which we decided on December 10, 2009.

{¶3}     On March 5, 2010, Anthony filed his Motion to Vacate, Nullify, and/or Void Decree of Divorce (hereinafter the "Motion to Vacate") in the Ross County Court of Common Pleas.  Anthony claimed that Ross County was an improper venue for the divorce proceedings.  For that reason, Anthony requested the following relief: "The only legal remedy within this action is for [the trial court] to issue an Order vacating, nullifying, and/or voiding [the January 15, 2009] Decree of Divorce so the parties may proceed with the action in the proper court of venue."  The trial court, however, overruled Anthony's Motion to Vacate.

{¶4}     Anthony appeals from the denial of his Motion to Vacate and asserts the following two assignments of error: I. "THE TRIAL COURT PERFORMED AN ACT CONTRARY TO LAW WHEN THEY ACCEPTED AND FILED THE APPELLANT'S COMPLAINT FOR DIVORCE WITHOUT REQUESTING PROOF OF JURISDICTION AND VENUE."  And, II. "THE TRIAL COURT PERFORMED AN ACT CONTRARY TO LAW WHEN THEY DENIED THE APPELLANT'S 'MOTION TO VACATE, NULLIFY, AND/OR VOID DECREE OF DIVORCE' WHEN APPELLANT NOTIFIED THE COURT THAT THEY LACKED VENUE."

II.

{¶5}     We will address Anthony's two assignments of error together.  In both assignments of error, Anthony claims that the January 15, 2009 Decree of Divorce is void for lack of venue.  As a result, Anthony argues that the trial court should have granted his Motion to Vacate.

**{¶6}** "The determination of whether a judgment is void presents a question of law." *Patten v. Patten*, 4th Dist. No. 10CA15, 2011-Ohio-4254, ¶ 17, citing *Blaine v. Blaine*, 4th Dist. No. 10CA15, 2011-Ohio-1654, ¶ 19. "'We review questions of law de novo.'" *State v. Elkins*, 4th Dist. No. 07CA1, 2008-Ohio-674, ¶ 12, quoting *Cuyahoga Cty. Bd. of Commrs. v. State*, 112 Ohio St.3d 59, 2006-Ohio-6499, 858 N.E.2d 330, ¶ 23.

**{¶7}** Anthony's Motion to Vacate is a collateral attack on the January 15, 2009 Decree of Divorce. "Black's Law Dictionary (8th Ed.2004) 278 defines 'collateral attack' as '[a]n attack on a judgment in a proceeding other than a direct appeal; esp., an attempt to undermine a judgment through a judicial proceeding in which the ground of the proceeding (or a defense in the proceeding) is that the judgment is ineffective. * * * Also termed *indirect attack.* Cf. Direct Attack (1).'" *Ohio Pyro, Inc. v. Ohio Dept. of Commerce*, 115 Ohio St.3d 375, 2007-Ohio-5024, 875 N.E.2d 550, ¶ 17. *See also Black v. Aristech Chem. Co.*, 4th Dist. No. 07CA3155, 2008-Ohio-7038, ¶ 14 (discussing the various definitions of "collateral attack"). "The objective of a collateral attack is to modify a previous judgment because it is allegedly ineffective or flawed for some fundamental reason." *Ohio Pyro* at ¶19.

**{¶8}** Here, Anthony's collateral attack must fail because the January 15, 2009 Decree of Divorce cannot be void for lack of venue. Civ.R. 3(G) provides that "[n]o order, judgment, or decree shall be void or subject to collateral attack solely on the ground that there was improper venue; however, nothing here shall affect the right to appeal an error of court concerning venue." In his Motion to

Vacate, Anthony challenged the January 15, 2009 Decree of Divorce solely on the basis of improper venue. Therefore, Civ.R. 3(G) prohibits Anthony's collateral attack. If Anthony wanted to challenge the January 15, 2009 Decree of Divorce on the basis of venue, he should have done so in his direct appeal. *See generally Lorenz Equipment Co. v. Ultra Builders, Inc.*, 10th Dist. No. 92AP-1445, 1993 WL 51095, *2 (Feb. 23, 1993) ("[A]n appeal is the direct method to attack a trial court judgment and was contemplated as the method by which trial court decisions concerning venue could be reviewed.").

**{¶9}** Accordingly, we overrule Anthony's two assignments of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and that Appellant pay the costs herein taxed.

The Court finds that there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
Roger L. Kline, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**