[Cite as *Enty v. Enty*, 2017-Ohio-4177.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 104167

---

## DEBORAH ENTY

PLAINTIFF-APPELLEE

vs.

## RICHARD ENTY

DEFENDANT-APPELLANT

---

**JUDGMENT:**
REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Domestic Relations Division
Case No. DR-10-332306

**BEFORE:** Laster Mays, J., E.T. Gallagher, P.J., and Boyle, J.

**RELEASED AND JOURNALIZED:** June 8, 2017

-i-

**ATTORNEY FOR APPELLANT**

Deborah Akers Parry
Wolf and Akers, L.P.A.
2200 One Cleveland Center
1375 East Ninth Street
Cleveland, Ohio 44114


**ATTORNEY FOR APPELLEE**

Adam J. Thurman
Schoonover, Rosenthal, Thurman, & Daray, L.L.C.
1001 Lakeside Avenue, Suite 1720
Cleveland, Ohio 44114

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Richard Enty ("Richard"), appeals the trial court's and magistrate's decision to dismiss Richard's motion to correct judgment entry of divorce and division of property order. We reverse and remand to the trial court for further proceedings consistent with this opinion.

## I. Facts

{¶2} Richard and the plaintiff-appellee, Deborah Enty ("Deborah") divorced on September 30, 2011. Prior to that time, Richard retired in 2007 as a participant of the Ohio Public Employees Retirement System ("OPERS"). At the time of his retirement, Richard elected Joint and Survivor benefits under Plan D, which affords Deborah a 100 percent joint and survivor annuity upon Richard's death. At the time of the divorce, the court ordered Richard to change this election from the original plan to either Plan C or Plan F.

{¶3} Richard attempted to follow the court's order and change from Plan D, but OPERS did not allow this change because the participant was in pay status. Richard filed a motion to correct judgment entry of divorce and division of property order ("DPO") and a motion for hearing so that the orders would accurately reflect the fact that Richard cannot comply with the court's order to change his joint and survivor benefits plan.

**{¶4}** The magistrate dismissed Richard's motions. Richard filed an objection with the trial court, and again, along with Deborah, requested a hearing. The trial court adopted the magistrate's decision in its entirety and did not grant Richard or Deborah a hearing even though the trial court issued a decision stating that a hearing was conducted. The trial court and the magistrate ruled that they did not have jurisdiction to modify the divorce decree or DPO because Richard waited more than three years to file for a modification. Richard has filed this timely appeal asserting the following assignments of error:

I.   The trial court erred as a matter of law to the prejudice of defendant in ruling that:

   A.   The court did not have jurisdiction to modify the divorce decree and the DPO;

   B.   The terms of the DPO conform with those of the decree of divorce;

   C.   The DPO was not void ab initio; and

   D.   In failing to modify the decree of divorce to cure the impossibility of performance and to achieve the intent of the parties and, thereupon failing to issue a new DPO in conformity with the modified decree of divorce.

II.   The trial court erred as a matter of law to the prejudice of the defendant in ruling that the DPO, which is an aid in execution, constituted an adjudication of the rights of the parties subsequent to the final decree of divorce, and therefore, was a valid order.

III.   The trial court erred as a matter of law to the prejudice of defendant in ruling that:

   A.   A motion filed in accordance with Civ.R. 60(B) was necessary and appropriate to correct the impossibility of

performance of provisions of the decree of divorce and to achieve the intent of the parties as set forth in the decree of divorce; and

    B.    The lapse of more than three years between the filing of the DPO and the filing of defendant's motions to correct the decree of divorce and DPO deprived the court of jurisdiction to rule on defendant's motions.

    IV.    The trial court erred as a matter of law to the prejudice of defendant:

    A.    In failing to grant defendant's motions for hearing before the magistrate and before the judge on objections; and

    B.    In ruling on issues of fact without having taken evidence under oath or having receive stipulations of fact.

{¶5} We will address the first, third, and fourth assignments of error because they are dispositive of this appeal rendering the remaining assignment of error moot.

## II.    Assignment of Error One

### A.    Standard of Review

{¶6}   In reviewing a domestic relations case, our review is an abuse of discretion standard.

> The Ohio Supreme Court has long recognized that a trial court must have discretion to do what is equitable upon the facts and circumstances of each divorce case. *Booth v. Booth*, 44 Ohio St.3d 142, 144, 541 N.E.2d 1028 (1989). Thus, when reviewing a trial court's determination in a domestic relations case, an appellate court generally applies an abuse of discretion standard. *Holcomb v. Holcomb*, 44 Ohio St.3d 128, 130, 541 N.E.2d 597 (1989). An abuse of discretion connotes more than an error of law; it "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

*Feldman v. Feldman*, 8th Dist. Cuyahoga No. 92015, 2009-Ohio-4202, ¶ 11.

**{¶7}** In addition,

> [a]s long as the trial court's division of property, calculation of income, and award of spousal support are supported by some competent, credible evidence, this court will not disturb the trial court's decision. *Masitto v. Masitto* (1986), 22 Ohio St.3d 63, 66, 22 Ohio B. 81, 488 N.E.2d 857; *Holcomb* at 130. Under this deferential standard, we may not freely substitute our judgment for that of the trial court. *Soulsby v. Soulsby*, Meigs App. No. 07CA1, 2008 Ohio 1019, citing *In re Jane Doe I* (1991), 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181.

*Id*. at ¶ 12.

### B. Jurisdiction

**{¶8}** In the first part of Richard's first assignment of error, he argues that the trial court erred as a matter of law to the prejudice of Richard in ruling that the court did not have jurisdiction to modify the divorce decree and the DPO. The trial court's journal entry stated that the trial court "shall retain jurisdiction to modify, supervise, or enforce the implementation of this order," and did not set a jurisdictional time limit or restraint. Normally, the trial court does not retain jurisdiction to modify the DPO, but "has broad discretion in clarifying ambiguous language" pursuant to R.C. 3105.171(I). *Schumann v. Schumann*, 190 Ohio App.3d 824, 2010-Ohio-5472, 944 N.E.2d 705, ¶ 44 (8th Dist.).

**{¶9}** We then look to the Ohio Revised Code for the trial court's jurisdiction in carrying into effect the intentions of the parties regarding a DPO. In our review, "R.C. 3105.89 does afford a trial court some continuing jurisdiction over division of property orders involving public retirement programs." *Hines v. Hines*, 3d Dist. Marion No. 9-10-15, 2010-Ohio-4807, ¶ 11. Notwithstanding division (I) of section 3105.171 of the Revised Code:

(A) The court shall retain jurisdiction to modify, supervise, or enforce the implementation of an order described in section 3105.81 of the Revised Code.

(B) The court may modify an order issued under section 3105.171 or 3105.65 of the Revised Code that was effective prior to the effective date of this section for the purpose of enforcing the order or carrying into effect the manifest intentions of the parties. A modified order must meet the requirements of section 3105.82 of the Revised Code.

R.C. 3105.89.

{¶10} Richard is not disputing what the trial court ordered, but rather that the trial court modify the order to carry into effect the manifest intentions of the parties. In other words, reflect what is allowable under his retirement plan. "He is not asking the trial court to modify the property division; he is requesting the trial court to modify the division of property order, the DPO, specifying the terms of the property division." *Hines* at ¶ 12.

{¶11} We recognize that the trial court traditionally does not have jurisdiction to modify the DPO, but pursuant to R.C. 3105.89, the trial court has jurisdiction to modify this DPO.

{¶12} We find that the trial court erred in finding that they did not have jurisdiction to modify the divorce decree and the DPO.

**C. Terms of division of property order conforming to divorce decree**

{¶13} Richard contends that the trial court erred in ruling that the terms of the DPO conform to the decree of the divorce. First, Richard contends that the divorce decree awards Richard half of the marital portion of his OPERS benefits, whereas the

DPO does not. He also argues that the DPO sets forth the percentage allocation of the survivorship annuity to Deborah as 32.1 percent, which is different than what is in the divorce decree.

**{¶14}** Because of the trial court's summary judgment, Richard was not granted the opportunity to demonstrate to the trial court that the divorce decree and DPO were in fact in contradiction to one another.

> While a trial court does not have continuing jurisdiction to modify a marital property division incident to a divorce or dissolution decree, it has the power to clarify and construe its original property division so as to effectuate its judgment.

*Pruitt v. Pruitt*, 8th Dist. No. 84335, 2005-Ohio-4424, ¶ 105, citing *DiFrangia v. DiFrangia*, 11th Dist. No. 2003-T-0004, 2003-Ohio-6090, ¶ 10. We order the trial court to clarify the terms of the DPO as it relates to the final divorce decree.

### D. DPO modification

**{¶15}** Richard further argues that the trial court erred when it ruled that the DPO was not void ab initio, and that in failing to do so, does not cure the impossibility of performance to achieve the intent of the parties. However, the trial court did not clarify its order, so it cannot rule that the DPO is not void. A DPO

> "[I]s an order that creates or recognizes the existence of an alternate payee's right to, or assigns to an alternate payee the right to, receive all or a portion of the benefits payable with respect to a participant under a plan." *State ex rel. Sullivan v. Ramsey*, 124 Ohio St.3d 355, 2010 Ohio 252, 922 N.E.2d 214 (per curiam), at ¶18, citing Employee Retirement Income Security Act of 1974, Section 1056(d)(3)(B)(i)(I), Title 29, U.S.Code, and Section 414(p)(1)(A)(i), Title 26, U.S.Code. As we explained in *Blaine v. Blaine*, Jackson App. No. 10CA15, 2011-Ohio-1654, at ¶20: [A] QDRO implements a trial court's decision of how a pension is to be divided incident to divorce or dissolution. *Wilson v. Wilson*, 116 Ohio St.3d 268, 2007-Ohio-6056, 878 N.E.2d 16, at ¶ 7. A QDRO does not in any way constitute a further adjudication on the merits of the pension division, as its sole purpose is to implement the terms of the divorce decree. *Id*. at ¶ 16. "* * * Indeed a QDRO may not vary from, enlarge, or diminish the relief that the court granted in the divorce decree, since that order which provided for the QDRO has since become final." *Id*. at ¶ 18, quoting *Lamb v. Lamb* (Dec. 4, 1998), Paulding App. No. 11-98-09, 1998-Ohio App. LEXIS 6007. In other words, a QDRO is "merely an order in aid of execution on the property division ordered in the divorce or dissolution decree * * *." *Sullivan* at ¶19, citing *Bagley v. Bagley*, 181 Ohio App.3d 141, 2009 Ohio 688, 908 N.E.2d 469, at ¶26 (emphasis sic).

*Patten v. Patten*, 4th Dist. Highland No. 10CA15, 2011-Ohio-4254, ¶ 16.

**{¶16}** Because the DPO is an aid in execution of the property division ordered in the divorce decree, it must be consistent with the divorce decree.

> When a QDRO is inconsistent with the final divorce decree it is void and the trial court lacks jurisdiction to issue it. *See Sullivan* at ¶19 and *Blaine* at ¶17, citing *Bagley* at ¶27. And a trial court retains authority to vacate its void judgments. *Blaine* at *id*., citing *Brownlee v. Brownlee*, Cuyahoga App.

No. 94494, 2010-Ohio-5602, at ¶8. The determination of whether a judgment is void presents a question of law. *Id*. at ¶19. Likewise, the question of whether a QDRO conflicts with a divorce decree presents a question of law that we review de novo. *Id.*

*Id.* at ¶ 17.

**{¶17}** The trial court must review the DPO to determine if it is consistent with the divorce decree; if it finds that it is not consistent, then the trial court has the authority to vacate it.

## III. Assignment of Error Three

### A. Civ.R. 60(B) Motion

**{¶18}** In his third assignment of error, Richard contends that the trial court erred as a matter of law to the prejudice of defendant in ruling that a motion filed in accordance with Civ.R. 60(B) was necessary and appropriate to correct the impossibility of performance of provisions of the decree of divorce and to achieve the intent of the parties as set forth in the decree of the divorce. Civ.R. 60(B) states,

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

**{¶19}** Richard argues that the DPO is void ab initio so filing a motion under Civ.R. 60(B) would be improper.

> When a party claims that a judgment is void, that party need not comply with Civ.R. 60(B). Instead, a trial court retains inherent authority to vacate a void judgment. *Blaine v. Blaine*, 4th Dist. Jackson No. 10CA15, 2011-Ohio-1654, ¶ 17; *see* also *Pryor v. Pryor*, 4th Dist. Ross No. 11CA3218, 2012-Ohio-756, ¶¶ 5-8 (treating motion to vacate divorce decree as a motion to set aside a void judgment and not conducting Civ.R. 60(B) analysis). "When a party incorrectly seeks relief under Civ.R. 60(B) in an attempt to vacate a void judgment, a court will 'treat the motion as a common law motion to vacate or set aside the judgment * * *.'" *Blaine* at ¶ 17, quoting *Beachler v. Beachler*, 12th Dist. Preble No. CA2006-03-007, 2007-Ohio-1220, ¶ 19.

*Cochenour v. Cochenour*, 4th Dist. Ross No. 13CA3420, 2014-Ohio-3128, ¶ 14.

**{¶20}** The trial court erred in ruling that Richard should have filed a Civ.R. 60(B). We find that the trial court retains inherent authority to vacate a void judgment.

### B.     Timing of Motion

**{¶21}** Richard also contends that the trial court erred as a matter of law to the prejudice of Richard in ruling that the lapse of more than three years between the filing of the DPO and the filing of defendant's motions to correct the decree of divorce and DPO deprived the court of jurisdiction to rule on Defendant's motions. We agree. Unless the trial court sets a specific time period to retain jurisdiction, the timing of Richard's motion is not an issue. *See Laughner v. Laughner*, 11th Dist. Trumbull No. 2010-T-0068, 2011-Ohio-867, ¶ 16 (the husband filed for a modification of the divorce decree after the ten-year jurisdiction set by the trial court in its decree of divorce). *See also Pawlak v. Pawlak*, 8th Dist. Cuyahoga No. 95734, 2011-Ohio-5652, ¶ 4 (well over a

decade after the divorce decree and DPO were executed, the husband filed a motion to vacate his DPO because he never intended to grant his wife 100% of his pension, and the magistrate ruled in his favor.)

{¶22} The trial court, in its journal entry, stated that they shall retain jurisdiction to modify, supervise, or enforce the implementation of the DPO. We find that the trial court did not set jurisdictional limits in the divorce decree; the lapse of three years from the filing of the DPO and Richard's motions to correct the decree of the divorce and the DPO are inconsequential.

{¶23} Therefore, we determine that the magistrate and trial court's decision, regarding deprivation of jurisdiction, were in error as a matter of law.

## IV. Assignment of Error Four

### A. Hearing

{¶24} In Richard's last assignment of error, he argues that the trial court erred as a matter of law to his prejudice in failing to grant his motions for hearings before the magistrate and before the judge on objections. The magistrate's decision, on page 1, states that "this matter came on for hearing." However, a hearing was never conducted. "A hearing means any confrontation, oral or otherwise, between an affected individual [and a decisionmaker] sufficient to allow the individual to present the case in a meaningful manner." *Liese v. Kent State Univ.*, 11th Dist. Portage No. 2003-P-0033, 2004-Ohio-5322, *supra*, at fn. 6, quoting *Gray Panthers v. Schweiker*, 209 U.S. App. D.C. 153, 652 F.2d 146, fn. 3 (C.A.D.C., 1980). The magistrate's decision is inaccurate. Therefore, we order that the trial court conduct a hearing on the issues.

{¶25} Richard also argues that the trial court erred in ruling on issues of fact without having taken evidence under oath or having received stipulations of fact. "When parties enter into an in-court settlement agreement, and one party later disputes the terms of the agreement, the trial court should hold an evidentiary hearing to resolve any dispute about the existence of an agreement or its terms." *Michelle M. S. v. Eduardo H. T.*, 6th Dist. Erie No. E-05-053, 2006-Ohio-2119, ¶ 13.

{¶26} The appellant's fourth assignment of error is sustained.

{¶27} Judgment is reversed and remanded to the trial court for further proceedings consistent with this opinion.

It is ordered that the appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the domestic relations division to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

EILEEN T. GALLAGHER, P.J., and
MARY J. BOYLE, J., CONCUR